BARTLEY *vs.* THE GEORGIA RAILROAD.

Proper diligence having been shown by the agreed statement of facts on the part of the railroad company, the presumption of law against the road was rebutted, and the plaintiff was not entitled to recover.

Railroads. Presumptions. Negligence. Before Judge GIBSON. Richmond Superior Court. October Term, 1877.

Reported in the decision.

T. & J. L. OAKMAN, by W. D. ELLIS, for plaintiff in error.

LEONARD PHINIZY, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover damages for killing his cow. The case, by agreement, was submitted to the decision of the presiding judge without the intervention of a jury, upon the following agreed statement of facts:

"The cow of the plaintiff was killed by the way-freight train of defendant, No. 48, on the 22d of April, 1877. The cow was worth seventy-five dollars, was killed about two o'clock P. M., at or near the six-mile post on defendant's road in Richmond county. Defendant's train was coming down a *steep grade* at the time the injury occurred. There was *no fence* enclosing the track where the cow was killed. The train killing the cow had *no air-brakes* on it. Air-brakes are used on *most* of defendant's *passenger* trains, but not on its *freight trains*. With air-brakes a train can be much more readily stopped than without. *The engineer knew* that he had a heavy train, that he was on the descent of a heavy grade, on smooth, steel rails, and that he had no air-brakes on his train. The train of defendant was running at the rate of about twelve miles per hour, which *was slower*

*than the schedule time* of said train. When the engineer reached the top of the hill, and before he commenced to descend the grade, he *shut off the steam*, as was his custom to do. When descending the grade, he saw ahead of him plaintiff's cow, down near the bottom of the embankment. This part of the road is an embankment, *no fence on either side*. When he first saw the cow he blew down brakes twice, brakes were put on the engine and the train, engine was reversed, steam was given her to check her speed, the cow ran up the embankment, got on the track, and ran along ahead of the engine. The engineer *continued to blow the whistle* at the cow for the purpose of frightening her away from the track, but could not get her to leave it. *Everything was done to stop the train and prevent the injury that could be done by defendant's* employees.

"When the engine struck the cow it was going about two miles per hour. The grade was a heavy one and is all the way to the city of Augusta. Had the cow been a few yards further off, engine could have been stopped before it struck her. *All the care and diligence that could have been used was manifested by the defendant's agents* in their *efforts* to stop the train and prevent the injury. Engineer said he would have been compelled to have run over and killed his wife had she been on the track, where plaintiff's cow was. Defendant has all the appliances, equipments and appurtenances of a first-class railroad. Engineer said he never knew a railroad company to use air-breaks on freight trains. The road above the place where the cow was killed, and from whence the train was running, is perfectly straight for at least a mile."

The court decided that the plaintiff was not entitled to recover of the defendant under the law and facts of the case ; whereupon the plaintiff excepted.

From the foregoing agreed statement of facts, it appears that the defendant exercised all ordinary and reasonable care and diligence in the running of its locomotive and train of cars at the time the alleged damage was done to

the plaintiff's cow, and therefore the presumption of negligence on its part under the law was rebutted.   There was no error in the judgment of the court in favor of the defendant on the statement of facts contained in the record. Let the judgment of the court below be affirmed.