# CASES ARGUED AND DECIDED

# SUPREME COURT OF MISSISSIPPI,

# APRIL TERM, 1884.

---

NATCHEZ AND JACKSON R. R. CO. *v.* VIRGINIA McNEIL.

RAILROADS. *Injury to stock. Reasonable care. Train equipments.*
    Railroad companies do not owe it to the owners of stock to procure the best appliances regardless of cost for the management of their trains to prevent injury to stock straying upon their tracks.

APPEAL from the Circuit Court of Hinds County.
HON. T. J. WHARTON, Judge.
The facts are stated in the opinion.
*Nugent & Mc Willie*, for the appellant.
In *R. R. Co. v. Patton*, 31 Miss. 182, the court says: "The law imposes upon such companies the greatest strictness in providing all things necessary to the safety of passengers which care, skill, and foresight require." This is the extent to which our court has gone. It is not true as a proposition of law that the railroad companies of the country are to have the "best appliances for the management of their trains." They are bound to furnish reasonably safe and convenient means for the transportation of passengers; but *the only duty* they owe cows straying on their track is to avoid killing as far as possible, and they would be blameless if, with the instruments they have, they do all they can to save the "lives" of the cattle. If it were conceded that they were bound

434

to have *air brakes* in respect to passengers, it would not follow that they must be provided out of mercy to cattle. The duty to passengers rises to the highest point and exacts the greatest care; carriers of passengers owe no duty to *cows*. They are under an obligation to the owner, and that consists in exercising reasonable care and caution to avoid killing the animals. Every precaution against accident should be adopted which gives reasonable promise of being useful and is not so expensive as to justify its rejection. They are not bound to adopt, in addition to previously possessed means, a new and improved method because it is safer and better than the one in use by them if it is not requisite to the reasonable safety and convenience of passengers and the expense is excessive, for the cost may be a sufficient excuse for not adopting it. *Le Baran* v. *East Boston Ferry Co.*, 11 Allen 312. The duty is to use the utmost care in regard to the ordinary and usual appliances and means of carrying on their business. They are not to take every possible precaution to prevent injury, for that would be inconsistent with the cheapness and speed which are among the chief objects of railway traveling. They are to afford proper and reasonable securities against danger. *Warren* v. *Fitchburg R. R. Co.*, 8 Allen 227, 230. We know that the courts of New York hold otherwise and require railroad companies to avail themselves of all new inventions and improvements known to them which will contribute materially to the safety of their passengers when the utility of such improvement has been thoroughly tested and demonstrated ; but even there the rule is applied with a reasonable regard to the ability of the company and the cost of the improvements. *Hegeman* v. *Western R. R. Co.*, 3 Kan. 9 ; *Smith* v. *N. Y. & H. R. R. Co.*, 19 N. Y. 129.

*Wells & Williamson,* for the appellee.

The first instruction sets forth the well-recognized doctrine that if the evidence showed the want of ordinary care and skill on the part of the company or its agents, they were liable for damages done to stock. The second instruction announced that the law required railroad companies to have the best appliances for the management of their trains and locomotives and skilled employees, and if by

lack of these they injured stock, they are liable for damages. These instructions are clearly within the law as announced by this court. See 31 Miss. 156 ; 46 Miss. 573 ; 59 Miss. 280.

COOPER, J., delivered the opinion of the court.

This is an action to recover the value of certain stock killed by the train of the appellant.   On the trial the defendant placed upon the stand as a witness the engineer who had charge of the train by which the stock was killed, and by him proved that the equipments of the train were such as are usual and sufficient.  On cross-examination he stated that the train was not supplied with air brakes and that by the use of such brakes a train could be more readily stopped than by those in use by the company.

The plaintiff asked and obtained from the court the following instruction : "Railroad companies must have the best appliances for the management of their trains and locomotives and skilled employees, and if by reason of the lack of any of these they kill stock, they are liable for damages to the party injured."

The instruction ought not to have been given. It is the duty of railroads to use reasonable care and caution to prevent injury to stock straying upon their tracks, and what is reasonable skill and care is determinable in some measure by the character of the agency used by them.   But they do not owe it to the owners of stock to procure the best appliances regardless of cost for the management of their trains.   Such a rule would necessitate the same equipment on all trains regardless of character, and on all roads regardless of their ability to buy the appliances.   *Bartley* v. *Ga. R. R. Co.*, 60 Ga. 182.

*Judgment reversed.*