ILLINOIS CENTRAL R. R. Co. *v.* J. H. HAYNES.

1. EVIDENCE. *Damage from delay of train. Declaration of conductor on another train. Competency of.*

 H. shipped a carload of cattle by the I. C. R. R. Co. from Kosciusko to New Orleans. The train was delayed by being overloaded and having a broken engine, and during such delay W., who had cattle on the same train, applied to a conductor of another train on the same road, which was about to pass them at Durant, to take the cars containing his and H.'s cattle on to New Orleans. The conductor responded, "Damn you and your cattle; I am not going to take either." In an action brought by H. against the railroad company for damages occasioned by the delay of the train transporting his cattle, W. was introduced as a witness for the plaintiff to prove the response above quoted. *Held*, that such testimony was irrelevant and inadmissible.

2. RAILROAD COMPANY. *Carrying live stock. Character of cars required.*

 A railroad company in the carriage of live stock is not required to use the safest and best motive power, with the best appliances in use, but is only required to use such cars and motive power and appliances as are suitable, safe, and sufficient.

APPEAL from the Circuit Court of Attala County.

HON. C. H. CAMPBELL, Judge.

This is an action for damages brought by J. H. Haynes against the Illinois Central Railroad Company. It appears that plaintiff shipped a carload of cattle by defendant's road from Kosciusko to New Orleans; that the train on which they were shipped was delayed twenty-four hours on the road because of being overloaded and the engine getting out of repair, and that the cattle suffered for lack of food and water; and that this resulted in

loss to him by a decrease in the value of the cattle. The plaintiff contended that he twice tried to get the conductor of the train to side-track the car containing his cattle so that he could feed and water them. This the defendant denied, and on this point the evidence was conflicting. One Woods, who was also carrying a car-load of cattle to New Orleans, was introduced by plaintiff, and testified that he and plaintiff during a delay of their train got on board a freight train of defendant which was about to pass them at Durant, thinking that the car containing their cattle would be attached to it, but that the conductor of that train, seeing them on board, asked them what they were doing there. They answered that they thought that their cattle would be carried on by this train. The conductor replied to them, "Damn you and your cattle, too; I am not going to take either. Get off of this train," and that they both got off. The defendant objected to this evidence. The court (in the language of the bill of exceptions) "excluded all language used, and only admitted the statement to show that the train passed. The objection was overruled by the court, and witness allowed to restate the conversation."

The third instruction for the plaintiff charged the jury " * * that the defendant is required to use the safest and best approved motive power, such as cars, engines, etc., with the best appliances in use, and although the railroad company has by a special contract stipulated against any liability, they are still liable, unless they acquit themselves of blame for the loss or damage." The jury found for the plaintiff, and from the judgment on their verdict the defendant appealed.

*W. P. & J. B. Harris*, for the appellant.

1. Now, in any case it is wrong to admit irrelevant and incompetent testimony, and the admission of such is ground for reversal in most cases. More especially should such testimony be excluded in a case like the one at bar, where the case is evenly balanced and the effect of the incompetent testimony would be to prejudice the jury against either party. In the case at bar it was error, and that of the gravest kind, to allow May T. Woods, a witness for the plaintiff, to narrate to the jury the alleged conversation between himself

and the conductor of a different train from the one on which the cattle were shipped. In any view of it this testimony was wholly inadmissible, and was necessarily *most* damaging to the defendant.

2. By the third instruction for the plaintiff the jury is told that the company (defendant) must use the very best "appliances in use." This court has denied such an instruction in *N. & J. R. R. Co.* v. *McNeil*, 61 Miss. 434.

*Allen & McCool*, for the appellee.

A carrier of live stock for payment must exercise reasonable diligence in the business, and complete the journey within a reasonable time, and if he does not do so and the cattle are injured by the delay, the carrier will be liable for all damages caused by such delay. Edwards on Bail. 680 ; *German* v. *C. & N. W.*, Ia. 137 ; *Tucker* v. *Pacific R. R. Co.*, 50 Miss. 385 ; *Sessions* v. *Cleveland*, 14 Mich. 489.

It was the duty of the defendant to exercise all reasonable care in the transportation of plaintiff's cattle and deliver them in a reasonable time, or if delayed by some unavoidable cause, then defendant should have provided stations or stopping places along the road where the cattle could have been fed and watered, and defendant failing in this requirement and plaintiff being damaged by reason of such want of care and diligence, plaintiff is entitled to the amount of damage proven. *Smith* v. *New Haven R. R. Co.*, 12 Allen 531; *Great W. R. R. Co.* v. *Hawkins*, 18 Mich. 427 ; *McDaniel* v. *C. & N. W. R. R. Co.*, 8 Ia. 412.

The defective engine is an evidence of negligence on the part of defendant. It was the duty of defendant to have properly constructed engines and cars, so that cattle could have arrived at their destination at the earliest practicable moment.

As held by this court, "it is not exacting too much of railroad companies, nor imposing a new burden, that they shall employ care, skill, and prudence proportionate to the magnitude of the interest confided to them and the perils and dangers peculiar to that mode of transportation." *New Orleans R. R. Co.* v. *Faler & Co.*, 58 Miss. 911 ; 12 S. & M. 599.

ARNOLD, J., delivered the opinion of the court.

It is not entirely clear from the record whether the testimony of the witness Woods, as to the conversation at Durant, between him and the conductor of a different train from that on which the cattle were shipped, was permitted to go to the jury or not. If it did, it was error. It did not prove or tend to prove the issue joined between the parties. The objection to it should have been sustained.

The third instruction for appellee should not have been given. It is not true, as therein stated, that a railroad company in the carriage of live stock "is required to use the safest and best approved motive power, with the best appliances in use." In these respects the shipper cannot demand more than suitable, safe, and sufficient cars, motive power, and appliances. 2 Rorer on Railroads 1301; *Peters* v. *N. O., J. & G. N. R. R. Co.*, 16 La. 222; *N. & J. R. R. Co.* v. *McNeil*, 61 Miss. 434.

*Reversed.*