## GEORGIA RAILROAD & BANKING CO. *v.* CHURCHILL.

1. Ordinary domestic animals may, in this State, generally, range upon the right of way of a railroad company or other uninclosed lands. They therefore can not be regarded as trespassers upon the track of a railroad company, and, relatively to the owner of live stock injured by a running train of the company, it is the duty of the company, through its delegated agents or employees, to keep a lookout ahead of the train, using ordinary and reasonable diligence to discover the stock upon the track and to avoid injury thereto.

2. This court can not consider an exception to the overruling of objections to a certain question, when it does not appear what answer was made by the witness to whom the question was propounded.

3. Whether, after the plaintiff has closed his case in chief and the defendant has closed its evidence, the plaintiff should then be allowed to introduce evidence not in rebuttal, is a matter within the discretion of the trial court. Such discretion, unless manifestly abused, will not be interfered with by this court.

4. There was evidence to authorize the verdict.

Argued January 31, — Decided March 25, 1901.

Action for damages. Before Judge Brinson. McDuffie superior court. May 14, 1900.

*Joseph B. & Bryan Cumming*, for plaintiff in error.
*Thomas E. Watson, John T. West,* and *James K. Hines,* contra.

SIMMONS, C. J. Suit was brought against the railroad company for the value of certain horses killed upon the track of the company, not at a public crossing, by one of the company's trains. The jury found for the plaintiff, and the defendant moved for a new trial. The motion was overruled, and the movant excepted.

1. One of the grounds of the motion for new trial was that the court erred in refusing a request to give in charge the following:

"The railroad company is under no duty to anticipate that there is stock on the track, nor is the engineer or fireman obliged to keep a lookout for stock that may possibly be on the track. The duty of the railroad company does not arise until the presence of the stock becomes known to the train people. When the engineer does discover that the stock is on the track, then he must use ordinary care to avoid striking the stock." Minor defects aside, this amounted to a request to charge that the company owed no greater degree of diligence to stock upon the track or to the owner than to persons trespassing thereon. We think that the refusal of the judge to so charge was correct. It has been expressly ruled by this court that "In Georgia, ordinary domestic animals and railroad trains are equally free, as respects each other, to pass over uninclosed lands. If they come in collision, with damage to either, the diligence of their respective owners will become material on the question of compensation." *Georgia R. Co.* v. *Neely,* 56 *Ga.* 540. In that case Judge Bleckley said: "Georgia, for the most part, is unfenced. For purposes of mere transit, uninclosed territory is here scarcely less common to things that go upon land than are the high seas to ships and steamers. Cattle have, in this State, generally, license to range at large at the will of their owners. . . Corporations are not bound to fence their lines, nor farmers to confine their ordinary domestic animals." See also *Macon R. Co.* v. *Lester,* 30 *Ga.* 911. In this State, therefore, domestic animals have a right to go upon the right of way of a railroad company, and can not be regarded as trespassers thereon. It was, therefore, proper to refuse to charge that the company owed to live stock upon the track no duty until their presence or danger was discovered. Under our code, the presumption as to negligence is against the company when the killing by its train is shown; and, in order to vindicate itself, it must show that the plaintiff consented to the injury or could have avoided it by the use of due care, or that the agents and employees of the company exercised all ordinary and reasonable care and diligence. *Georgia R. Co.* v. *Neely,* supra. In a case of this kind ordinary and reasonable care and diligence, relatively to the owner of the live stock, require that the agents of the company should keep a lookout for stock upon the track. This they must do with ordinary and reasonable diligence. Of course the circumstances may be such as to require that their attention be temporarily turned to something

else, but generally it is the duty of the company, through its delegated agents and employees, to keep a lookout for domestic animals upon the track, using ordinary and reasonable diligence to discover them and to avoid injuring them. *Atlantic R. Co.* v. *Griffin*, 61 *Ga.* 1. In the present case it does not appear whether or not the injury occurred in a stock-law county.

2 Another ground of the motion for a new trial was that the judge allowed counsel for the plaintiff to ask a certain witness a certain question which was objected to as being leading. Allowing a leading question is a matter largely within the discretion of the trial judge (*Farkas* v. *Stewart*, 73 *Ga.* 90; Civil Code, § 5283), and will not ordinarily work a new trial. *Parker* v. *Ry. Co.*, 83 *Ga.* 539; *Doster* v. *State*, 93 *Ga.* 43. But we need not go into this matter in the present case, for the point is not properly made. The motion sets out the question which was propounded to the witness, but does not indicate what was the answer made thereto. Indeed, it can not be determined from the motion that the witness answered the question at all. The plaintiff in error, therefore, fails to show that it was hurt by the ruling made, and this court will not consider further this ground of the motion.

3. Complaint was also made that the court, "after the plaintiff had announced closed and after the defendant had also announced closed," allowed the plaintiff to introduce certain further evidence not in rebuttal. This is a matter within the discretion of the trial court, and that discretion, unless manifestly abused, will not be interfered with by this court. *Walker* v. *Walker*, 14 *Ga.* 250 (5); *Blackman* v. *State*, 80 *Ga.* 791 (6); *Orr* v. *Garabold*, 85 *Ga.* 373; *Luckie* v. *Johnston*, 89 *Ga.* 321. It does not appear to have been abused in this case.

4. The remaining grounds of the motion alleged in effect that the verdict was contrary to the evidence. This, we think, is not true. The evidence was conflicting. While that of the defendant went strongly to vindicate it from all liability, the evidence of the plaintiff materially contradicted it, and was amply sufficient to support the finding of the jury. Under such circumstances we will not control the discretion of the trial judge in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*