## LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al. v.* SWANN.

This being an action against a railroad company for injury to stock caused by the running of a train, and the evidence being of such a character that the jury might find that the presumption of negligence against the company had not been rebutted, the judgment of the trial judge in refusing to set aside a verdict in favor of the plaintiff will not be disturbed.

Argued June 13, — Decided July 14, 1904.

Action for damages. Before Judge Lewis. Greene superior court. December 7, 1903.

· *Joseph B. & Bryan Cumming* and *James B. Park,* for plaintiffs in error.   *Samuel H. Sibley,* contra.

COBB, J.    This was an action against the defendants for damages resulting from the killing of one horse and injury to another. The defendants admitted in their plea that the horses were struck by the engine of one of their freight-trains, that one was killed and the other was injured, and that the plaintiff had been damaged in the sum alleged in the petition; but denied that their servants were guilty of any negligence.    The trial resulted in a verdict in favor of the plaintiff, and the defendants assign error upon the overruling of their motion for a new trial, insisting here only upon the ground that the verdict was contrary to the evidence.    The defendants having admitted that the injury was caused by the running of a train, the law raised a presumption of negligence against them, and the burden was upon them to overcome this presumption by satisfactory proof.    The horses were struck at night and at a point where the track curves to the right.    One was not seen by the engineer until the engine was within a few feet of him; the other was not seen at all.    The train was equipped with air-brakes operated from the engine, which were in good condition.    At the time of the occurrence the train was approaching a station, and under such control that it might be stopped at the depot.    The reason given by the engineer for not seeing the stock sooner and taking steps to avoid striking them was, that in approaching a station it was necessary for him to be on the lookout for the switch light and other signals, and especially to see that what is called the semaphore would turn from red to white when he blew the regular signal. It was necessary in the operation of the train to make these observations.    The result of his attention being thus directed was to cause him to look in a straight line across the concave side of the curve and away from the track.    Moreover, the locomotive would have cut off his view to the left.    By reason of the curvature the headlight tended to shine off the left side of the track. The point at which the stock were struck was on a down grade, and the engineer had not been using steam for two miles, but before that the engine had climbed a heavy grade, which necessitated a constant firing of the engine by the fireman, and at the time the stock were struck the fireman was not on the lookout

but was engaged in sweeping up coal which had been scattered about the engine while he was firing. The time it takes the fireman to sweep up coal depends upon circumstances, that is, how much has been spilled. It is sometimes a matter of only a few minutes, though the engineer testified that he had seen coal knee-deep on the engine. There was nothing in the evidence to indicate that there was anything unusual on this occasion in regard to the amount of coal on the floor of the engine, and the engineer distinctly testified that the fireman had not fired since the turn of the grade. There was evidence that the coal might have been swept up after the station was reached and while the train was standing there, but there were other duties which would devolve upon the fireman at that time. The question is whether under this state of the evidence a jury would be compelled to find that the presumption of negligence had been rebutted. The law requires that the employees in charge of an engine shall keep a lookout for stock, but this is not the only duty imposed upon such employees. There are others of equal or greater importance. The duties which the evidence shows the engineer was engaged in were certainly of equal if not greater importance than looking out for stock, and under his testimony a sufficient reason was given why he did not see the stock. There being nothing in the evidence to charge the engineer with negligence, the question is whether the evidence sufficiently accounts for the failure of the fireman to be on the lookout. It has been held that a fireman being necessarily engaged in the performance of other duties indispensable to the running of the locomotive is a sufficient reason for not imputing to the company negligence on account of his not being on the lookout for stock. *Rogers* v. *Railroad Company*, 100 *Ga.* 699. In that case and in numerous others which have followed it, the fireman was engaged in firing his engine, which was a duty indispensable to the running of the locomotive. While a case might arise in which it would be a duty indispensable to the running of the locomotive for the fireman to sweep from the floor of the engine the coal that had accumulated there as the result of a long run and continuous firing, the record before us does not disclose such case, and the jury might find, under the present record, that it was not absolutely necessary that this duty should have been discharged at this particular time,

when the higher duties devolving upon the engineer were such as to prevent him from keeping a lookout. If the evidence had been that the engineer was engaged in the duties which he referred to in his testimony, and the fireman had been engaged in firing at a time when firing was indispensable to the operation of the train, and for this reason neither was on the lookout, a more serious and difficult question would have been presented. We think that a jury on the present record might find, even if they would not be required to find, that the fireman could have discharged the duty of cleaning the floor of the engine either while the train was standing at the station or at some subsequent stage of the journey, and that it was not absolutely essential that he should engage in the performance of this duty at a time when the engineer could not, consistently with more important duties devolving upon him, be upon the lookout for stock.

*Judgment affirmed. All the Justices concur.*