## ATLANTIC COAST LINE RAILROAD CO. *v.* STRICKLAND.

The train could have been stopped within a stated distance. There was a dispute between the engineer and a witness for the plaintiff as to the distance from the train to the cattle when discovered by the engineer on the track. The engineer approximated, and the other witness measured the distance. The distance ascertained by measurement was greater than that within which the engineer testified he could have stopped. The issue was for the jury; and the presiding judge having approved the verdict, his discretion in refusing a new trial will not be disturbed.

Submitted March 3, — Decided May 11, 1906.

Action for damages. Before Judge Parker. Ware superior court. May 13, 1905.

This action was on account of the killing of cattle by a train on the defendant's railroad. The evidence for the plaintiff was such as to raise the statutory presumption of negligence against the defendant. In rebuttal the engineer and the fireman were introduced. According to the testimony of the fireman, he was at work and knew but little about the injury. The engineer testified, substantially, that the train was a passenger-train, running about 60 miles an hour, well equipped throughout with the best air-brake appliances. He was in his seat, looking ahead through the window-glass. It was raining, and the force of the rain was so great, owing to the speed of the train, that he was obliged to close the window in order

to see anything in front. The rain driven against the window made it impossible to see more than about 100 yards ahead, but at that distance he did see the cattle, and immediately blew the cattle alarm, but it was impossible to stop the train in time to prevent the injury. "From the time I saw those cattle, up to the time we hit them, the brake would not have taken hold hardly." "A train running at that speed required a distance of about 800 feet to stop in." A witness for the plaintiff testified, that the track was very nearly level in the vicinity of the accident, and was straight for a distance of ten miles from the cattle in the direction from which the train was coming, and two miles in the other direction; that the right of way was cleared to a width of 100 feet on each side of the track; that there were no obstructions, and that the blowing of the cattle alarm was heard. It was about 10 o'clock in the day. It had been raining, but the rain was over. Another witness for the plaintiff testified that he saw the train as it blew the alarm, and afterwards measured the distance along the railroad from the point at which the alarm was blown to the point at which the cattle were struck. This distance was 410 yards. The verdict was for the plaintiff. The defendant made a motion for a new trial, on the grounds that the verdict was contrary to law and the evidence. The motion was overruled, and the movant excepted.

*Key, Bennet & Conyers* and *Simon W. Hitch,* for plaintiff in error, cited *Ga. R.* 80/202; 89/457; 94/352; 108/437; 111/731; 117/427.

*Toomer & Reynolds,* contra, cited 119 *Ga.* 866.

ATKINSON, J. Under the evidence, an issue of fact was clearly made. The engineer estimated that the cattle were seen at a distance of 100 yards, while the plaintiff's witness testified that the distance by actual measurement was 410 yards. Thus the conflict of testimony was not as to the opinion of plaintiff's witness as to distance, as was the case in *Central Ry. Co.* v. *Waxelbaum,* 111 *Ga.* 812. The plaintiff's witness observed the place where the train was at the time it blew the signal. Beginning at that point on the track, he measured the distance to the place where the cattle were struck by the train. This distance was 410 yards. The jury had the right to accept this as the true distance of the train from the cattle at the time the engineer testified he saw the cattle and blew the whistle. As the engineer testified that within this distance he

could have stopped the train, the jury could infer that, had proper diligence been exercised, the train could have been stopped and the killing of the cattle averted. · The trial judge approved the verdict, and we will not disturb his ruling.

*Judgment affirmed.·  All the Justices concur.*