6354. WEATHERINGTON *v.* GEORGIA SOUTHERN & FLORIDA
RAILWAY COMPANY.

RUSSELL, C. J.  1.  "Ordinary domestic animals may, in this State, generally, range upon the right of way of a railroad company or other uninclosed lands.  They therefore can not be regarded as trespassers upon the track of a railroad company."  *Georgia Railroad · Co.* v. *Churchill,* 113 *Ga.* 12 (38 S. E. 336).  A fortiori, such animals ranging upon that portion of the right of way not occupied by the tracks can not be considered as trespassers.  Consequently, where the death of a domestic animal is due to the negligence of a railroad company in maintaining upon its right of way an unprotected open well, the owner of the animal may recover for its loss, upon proof that its death was due to the negligence of the railroad company, and not to his own negligence in not caring for the animal.  "The owner of property, whether a natural or an artificial person, must so use it as not to injure the property of other persons."  *Nelson* v. *Central Railroad Co.,* 48 *Ga.* 152, 154.  But the duty thus imposed does not relieve one who may be injured by exposure to an existing dangerous condition from the primary duty of exercising ordinary care for the protection of his property.

2. The ruling of this court in *Garner* v. *East Point,* 7 *Ga. App.* 630 (67 S. E. 847), is not really in conflict with the principles stated above, because the controlling point upon which that decision was placed was the inherent viciousness of the animal there in question, which the court held "alone was the proximate cause of its death."

·3. There being nothing in the allegations of the present petition from which it can be inferred that the death of the animal in question was due to its inherent viciousness or to the failure of its owner to exercise ordinary care for its safety, the trial judge erred in sustaining the general demurrer and dismissing the petition.  See *Seaboard Air-Line Railway* v. *Parish,* 16 *Ga. App.* 632 (85 S. E. 200).

                                        *Judgment reversed.*

DECIDED FEBRUARY 4, 1916.

Action for damages; from city court of Tifton—Judge R. Eve. February 3, 1915.

*J. H. Price, C. B. Williford,* for plaintiff.

*J. E. Hall, Guyton Parks, R. D. Smith,* for defendant.