### 7996. SEABOARD AIR-LINE RAILWAY *v.* McDONALD.

1. Under the provisions of the act of 1912 as to the taxation of dogs (Acts of 1912, p. 46), a dog is personal property; and a railroad company is liable for any damage done to a dog by the running of the locomotives or cars or other machinery of such a company, or for damage done by any person in its employment or service, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence; the presumption in all cases being against the company.

2. Whether or not the presumption of negligence in this case, created by proof of the killing of the dog by the running of the locomotive and cars of the defendant company, was rebutted was essentially for determination by the jury; and since there was testimony from which

the jury might have inferred a lack of proper diligence on the part of the engineer in charge of the defendant's train, this court can not set aside the verdict.

Decided April 3, 1917.

Certiorari; from Liberty superior court—Judge Sheppard. November 4, 1916.

*N. J. Norman,* for plaintiff in error.    *O. C. Darsey,* contra.

Wade, C. J.    1.    The act of 1912 (Acts of 1912, pp. 46, 47) expressly provides that "all dogs are hereby made personal property and shall be given in and taxed as other property of this State is given in and taxed." Before the passage of this act it had been held several times by the Supreme Court and this court that a railroad company was not liable for the negligent killing of a dog, and that no presumption would arise against the company upon proof that a dog was killed by a railroad train, as in case of injury to person or property; but that the owner might maintain an action for trespass vi et armis for the wanton and malicious killing of his dog.    See *Seaboard Air-Line Ry.* v. *Parrish,* 16 *Ga. App.* 254 (85 S. E. 200) ; *Alabama Great Southern R. Co.* v. *Price,* 17 *Ga. App.* 762 (88 S. E. 692), and cases there cited.    In the cases just cited, the suits proceeded on the ground that the defendant had wantonly killed the dog for which a recovery was had; and in passing upon those cases it was held not necessary to decide how far the act of 1912, supra, might affect the previous rulings of the Supreme Court touching the right to recover for the negligent killing of a dog by the train of a railroad company, or to determine whether, upon proof of the killing of a dog by a railroad train, a presumption of negligence would arise, as in cases of injury to person or property.

The constitution of Georgia, article 7, section 2, paragraph 1 (Civil Code of 1910, § 6553), authorizes the General Assembly to impose a tax upon "such domestic animals as, from their nature and habits, are destructive of other property;" and thus impliedly recognizes dogs as property, though this power to tax differs from the uniform ad valorem system of taxation. Nevertheless, the constitution clearly includes by its terms the dog as a domestic animal. It was held in the case of *Graham* v. *Smith,* 100 *Ga.* 434 (28 S. E. 225, 40 L. R. A. 503, 62 Am. St. R. 323), that the owner of a dog has such a property in it as will enable him to maintain an

action of trover for its recovery, in case of its wrongful conversion; and it has long been the law of this State that a dog might be the subject of simple larceny. Penal Code of 1910, § 161. The act of 1912, by its precise terms, declares that a dog shall be personal property, and makes it subject to ad valorem taxation on the same basis prescribed for other property. It would appear, therefore, that since the passage of that act a dog is property in more than the "qualified sense" referred to in *Jemison* v. *Southwestern Railroad,* 75 *Ga.* 444 (58 Am. R. 476), and therefore the same rule which is applied where a railroad company kills or injures other live stock or domestic animals would apply in a case of a dog. A dog is now a subject of larceny, may be recovered by an action of trover, and must be returned for taxation at its actual value, just as other property is returned; and no reason appears why any other or different rule should now exist touching its injury or destruction by the negligent running of a railroad train than that prescribed for other animals. Section 2780 of the Civil Code provides: "A railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." We hold, therefore, that this section applies to the killing of a dog, precisely as it applies to the killing of a horse, cow, or other domestic animal; and the same presumption therefore arises upon proof of the killing or injury as where the damage is to stock or other property.

2. The evidence in this case does not indicate that the killing of the dog was caused by the wanton, malicious, or intentional act of an agent of the railroad company; for there is no testimony that would authorize the inference that the engineer even saw the dog in time to prevent the killing; and therefore it becomes necessary to determine whether, under the testimony, it can be held, as a matter of law, that the presumption of negligence arising upon proof of the killing of the dog was completely rebutted by the evidence or explanation offered by the engineer in charge of the train of the defendant company. There was testimony that the track

was straight, and the dog could have been seen thereon for a considerable distance before the locomotive reached the spot where it was struck and killed. There was also testimony (though this was disputed) that the train was running at a speed of from 50 to 60 miles per hour; and it does not appear that any attempt was made to slacken or check the speed of the train. The engineer testified that he saw no dog on the track, and that if his train killed a dog he did not know it at the time, and did not know it yet. The engineer did not testify that he saw the dog approaching the track, or near the track, but said that he never saw it on the track; and the jury may have legitimately inferred, from the fact that the track was straight and the view apparently unobstructed, and from · the undisputed testimony that the dog was killed by the locomotive, that the engineer was not in fact looking out, at or before the time the dog was killed, and therefore that he was negligent; for had he been looking he would have discovered the dog approaching, near or on the track, and could have then lessened the speed of his train so as to prevent injury to the dog, or in the exercise of proper care and diligence he would have blown the whistle of the engine and thus prevented the dog from coming upon the track, or induced it to leave the track in·time to prevent killing it. At least, the jury were authorized to find that the presumption of negligence, created by proof of the killing, was not successfully rebutted. The determination of the question whether the presumption created by law upon proof of the killing of a domestic animal has been rebutted by testimony from the agents and employees of · the railroad company in charge of the train is exclusively a matter for the jury and we can not interfere with the verdict as being unsupported by evidence, unless it clearly appears, from all the circumstances in· proof and all the testimony in the case, that the presumption of negligence was effectually and completely rebutted. In this case, while the testimony which tends to establish negligence on the part of the railroad company is somewhat weak, we can not say that it requires a finding in favor of the railroad company; for under the conditions shown by the evidence to have existed at the time the dog was killed, the jury were authorized to find (and evidently did find) that the engineer was not keeping a proper lookout, and hence, through his negligence, the presence of the dog on or near the track was not discovered in time to

save it from destruction, or that the presumption of negligence was not rebutted.

      *Judgment affirmed. George and Luke, JJ., concur.*