17345.   SOUTHERN RAILWAY COMPANY *v.* GODFREY.

The presumption of negligence raised by proof of the killing of the plain-
 tiff's dog by the running of the defendant's train was not conclusively
 rebutted by the evidence introduced by the defendant. The verdict
 rendered in the plaintiff's favor by the jury in the justice's court being
 authorized by the evidence, the superior court did not err in dismissing
 the certiorari, by which the verdict was attacked upon the usual gen-
 eral grounds only.

DECIDED JANUARY 24, 1927.

Certiorari; from Whitfield superior court—Judge Tarver.   March
13, 1926.

*J. J. Copeland, W. M. Sapp, Maddox, Maddox & Mitchell,* for
plaintiff in error.

*O. R. Hardin,* contra.

BELL, J.   In this action brought in a justice's court against the
railway company, to recover damages for the alleged killing of the
plaintiff's dog, the defendant, after verdict in favor of the plaintiff,
carried the case by certiorari to the superior court, attacking the
verdict upon the usual general grounds only.   The certiorari was
dismissed and the defendant excepted.

The evidence introduced by the plaintiff amply authorized the
inference that the dog was killed by the defendant's northbound
passenger-train, No. 32, in the afternoon, a little before sundown,
on July 11, 1925.   The only evidence introduced in rebuttal by the
defendant was the testimony of the engineer and fireman.   The
engineer testified as follows:   "On this date I left Atlanta on time
and arrived in Chattanooga on time, and I think we were on time
when we passed Carbondale.   We passed Phelps at 6:20 p. m.
The track south of Phelps is straight for a little over a half mile.
Plaintiff's dog is said to have been killed between the 46th and
47th mile-posts, where the track is straight.   I ride on the right-
hand side of the engine, and my duties are to run the engine and
keep a lookout, which is necessary for me to do and which I do in
order to keep from striking something and for the general safety
of the train, its passengers, and the general public.   If a dog had
appeared on the track between the mile-posts mentioned I would
have seen it, but on this occasion I saw no dog, because no dog
appeared in front of the train.   It was up grade at this point and

Justices of the Peace, 35 C. J. p. 883, n. 73.
Railroads, 33 Cyc. p. 1305, n. 39.

I could have seen a dog for a half mile. I saw no dog on this occasion, and if I had struck and killed a dog there I would have remembered it, if the dog had come on the track on my side of the engine and had been more than fifteen yards in front of it. My information is that dogs sometimes get killed in the rear of the engine when I know nothing about it, but I have never seen one. If the dog came on the track from the fireman's side, I could not have seen it less than 15 yards."

The testimony of the fireman was: "I am a fireman of the Southern Railway Company, between Atlanta and Chattanooga. I reside on Cascade Road, Atlanta, my address being Ben Hill, Georgia. On July 11, 1925, I was on passenger-train No. 32, from Atlanta to Chattanooga, and I think we were on time for we reached Phelps at 6:20 p. m., which was on time. The sun was shining when we reached Phelps. My duties as fireman are to keep steam on the boiler, and, while not doing that, to keep a lookout ahead. My seat is on the left side of the engine. Leaving Carbondale, approaching Phelps, it is down hill, and I always put in a fire there. Approaching a point where it is said the dog was killed, it is up grade, and in going up this grade it is necessary that I fire the engine. Section foreman Camp showed me where the dog was found, and going north it is up grade at this point. I did not see a dog on this occasion and don't know anything about how it was killed. If I had seen the dog I would have told the engineer."

In *Alabama Great Southern R. Co.* v. *Buchannon,* 35 *Ga. App.* 156 (132 S. E. 253), this court in a similar case said: "In view of the fact that neither the fireman nor the engineer saw or was conscious of the occurrence at the time, and that their material testimony was largely hypothetical and opinionative, we can not say that the jury were bound to conclude that the employees of the railroad company used ordinary and reasonable care and diligence to discover the dog upon the track and to avoid injuring it." This language applies so aptly to the rebuttal testimony in the present case, that is, the testimony of the engineer (the fireman's testimony having little or no probative value), that we adopt it as the expression of our opinion herein. The court did not err in overruling the certiorari.

*Judgment affirmed.    Jenkins, P. J., and Stephens, J., concur.*