17949.  SOUTHERN RAILWAY COMPANY *v.* RUNDLE.

1. In a suit against a railroad company for damages for the killing of a dog, an instruction to the jury that the law imposed upon the defendant the duty of exercising ordinary care to prevent the killing was not erroneous as imposing upon the defendant the duty to exercise a greater degree of diligence than the law required it to exercise.

2. In view of the conflicting testimony, the presumption of negligence

which arose upon proof of the killing was not conclusively rebutted. The evidence authorized the verdict. There was no error in refusing a new trial.

DECIDED OCTOBER 13, 1927.

Appeal; from Paulding superior court—Judge Irwin. December 21, 1926.

*Camp & Camp, Maddox, Matthews & Owens,* for plaintiff in error.

*C. B. McGarity,* contra.

BELL, J. In this action, brought in a justice's court, against the railway company, to recover damages for the alleged negligent killing of the plaintiff's bird-dog, the defendant filed its answer, and the case was then appealed by consent to the superior court. At the trial, after a prima facie case had been made for the plaintiff, the defendant sought to remove the presumption of negligence by proof that its agents and employees had exercised "all ordinary and reasonable care and diligence." Civil Code (1910), § 2780. The locomotive engineer testified: "I saw the dog, after passing the bluff on the right side, go on the track; it was about four or five feet off [the track] when I saw it, and I was still blowing for the crossing; and when I got in about two hundred feet of it, it stopped right in the middle of the track. It had plenty of time to get across, and after it stopped it was so close I had no chance in the world to try to do anything at all. I thought the dog would get off, from the sound of the whistle. . . All I did was to blow the whistle." The wife of the plaintiff testified that she was standing near and saw the occurrence, except that she turned her back at the instant of the killing; that the dog was on the track and visible to the engineer at a distance of 250 yards; that it "was between the rails while the train was coming that distance toward him," having been attracted there by particles of food thrown from the defendant's dining cars; that witness "didn't see nor hear the railroad do anything to prevent the killing, . . didn't hear the train blow—heard nothing but the noise of the train running."

The trial judge instructed the jury as follows: "They [the defendant railroad company] are required, under the law, to exercise all ordinary and reasonable care to prevent the killing of the dog. . . Now, reasonable care is that care that an ordinarily

18

prudent person would exercise about his own affairs of a similar nature. So you will [determine] whether or not the railroad has exercised that kind of care to prevent the killing of the dog. If they have, that would free them from liability and you would find for the defendant." The defendant excepted to this charge on the ground that it in effect instructed that the defendant must exercise such care as would have prevented the killing.

1. In support of the exception to the charge of the court, counsel for the plaintiff in error cite the case of *L. & N. R. Co.* v. *Rogers,* 136 *Ga.* 674 (2) (71 S. E. 1102). In that case the judge charged that the law imposed upon the railroad company "a duty to keep a lookout and also to run the train at such speed as it could by the exercise of ordinary care have prevented the injury." Such charge tended to impress the jury that the defendant would not be relieved unless it had exercised such care as would actually prevent the injury; while the excerpt complained of here made it clear that the defendant was only required to exercise ordinary care to prevent the killing, and would not be liable if it exercised such care, whether doing so prevented the killing or not. The judge in the present case defined "reasonable care" substantially in the language of section 3471 of the Civil Code, and specifically stated that the exercise of that kind of care would "free them. [the defendant] from liability." It therefore appears that the case at bar is to be distinguished from the case relied on by the plaintiff in error. *Atlanta & Birmingham Ry. Co.* v. *Smith,* 2 *Ga. App.* 294 (58 S. E. 542).

2. The verdict can not be set aside by this court on the general grounds, since we can not say as a matter of law that the presumption of negligence was conclusively rebutted by the defendant's evidence. There was a dispute between the engineer and the plaintiff's wife as to the material matter of the position which the dog occupied when the engineer first saw it, if not also with reference to the blowing of the whistle (*Ga. R. & Banking Co.* v. *Wallis,* 29 *Ga. App.* 706, 714 (116 S. E. 883), and other matters. This conflict in the testimony affected the credibility of. the witnesses, and the jury, if they believed the plaintiff's wife as to these issues, were authorized to disregard the testimony of the engineer altogether. Furthermore, the jury could have found that it was negligence, as alleged, for the engineer not to. have

opened up the steam-cocks, and that this omission was the proximate cause of the killing. *A. C. L. R. Co.* v. *Strickland,* 125 *Ga.* 352 (54 S. E. 168); *So. Ry. Co.* v. *Lang,* 11 *Ga. App.* 8 (74 S. E. 443). Under the evidence, the determination of the question whether the presumption of negligence was rebutted was exclusively a matter for the jury, and their verdict will not be disturbed. *Seaboard Air Line Ry.* v. *McDonald,* 19 *Ga. App.* 627 (2) (91 S. E. 1053); *So. Ry. Co.* v. *Godfrey,* 36 *Ga. App.* 323 (136 S. E. 473). There was no error in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*