20748. ATLANTIC COAST LINE RAILROAD COMPANY *v.* WILLIS.

Decided February 18, 1931.

*Bennet & Peacock, Copeland & Dukes,* for plaintiff in error.
*Little & Dickerson, contra.*

Bell, J. (After stating the foregoing facts.)

1. It is a matter of common knowledge that the overpass bridges are so enclosed at the sides that cattle are not likely to fall off and be killed. The evidence authorized the inference that the cow was killed by a train of the defendant company; and this is true notwithstanding the rule that where a complaint is founded upon a failure to establish and maintain guard-rails, it is usually a jury question as to whether the absence of such rails should be accounted as negligence on the part of the defendant. *Georgia Railroad &c. Co.* v. *Mayo,* 92 *Ga.* 223 (17 S. E. 1000) ; *Stamps* v. *Newton County,* 8 *Ga. App.* 229 (3 *c*) (68 S. E. 947).

2. Although the evidence as to negligence may be weak and unsatisfactory, we can not say as a matter of law that the verdict is absolutely unsupported. Domestic animals in ranging upon the

right of way of a railroad company are not to be treated as trespass-ers (*Georgia R. Co.* v. *Churchill,* 113 *Ga.* 12, 38 S. E. 336; *Weather-ington* v. *Georgia Southern & Florida Ry. Co.,* 17 *Ga. App.* 584, 87 S. E. 844); and it is the duty of the railroad company to exer-cise reasonable diligence to avoid injuring them. *Louisville & Nashville R. Co.* v. *Swann,* 120 *Ga.* 695 (48 S. E. 117); *Atlanta & West Point R. Co.* v. *Hudson,* 123 *Ga.* 108 (3) (51 S. E. 29). Considering the evidence as to the length of the cut, and as to the fact that the railroad-track was straight for a long distance in one direction and had only a slight curve in the other direction, begin-ning at a point 100 yards from the place where the cow was killed, we think the jury were authorized to find that the employees of the railroad company discovered or should have discovered the cow in such time that by the exercise of ordinary care they could have avoided killing it, and that they were negligent in one or more of the ways alleged in the petition. *Southern Ry. Co.* v. *Rundle,* 37 *Ga. App.* 272 (139 S. E. 830); *Southern Ry. Co.* v. *Lang,* 11 *Ga. App.* 8 (74 S. E. 443); *Atlantic Coast Line R. Co.* v. *Strickland,* 125 *Ga.* 352 (54 S. E. 168).

The physical facts and circumstances alone may afford proof of the defendant's negligence, and in the instant case the jury were not without data from which they might infer the existence of negligence on the part of the railway employees. See, in this con-nection, *Atlantic Coast Line R. Co.* v. *Paulk,* 33 *Ga. App,* 293 (2) (125 S. E. 865); *Central of Georgia Ry. Co.* v. *Pitts,* 38 *Ga. App.* 780 (145 S. E. 518). This is not to apply the presumption statute (Civil Code of 1910, § 2780), which was held unconstitutional in Western & Atlantic Railroad *v.* Henderson, 279 U. S. 639 (73 L.ed. 884); nor do we apply the act of 1929 (Ga. L. 1929, p. 315), which was enacted subsequently to the transaction under investigation. We fully recognize that the burden was upon the plaintiff to prove the killing and the negligence as alleged in the petition. We think the evidence was sufficient for this purpose.

The present case is distinguished from *Louisville & Nashville R. Co.* v. *Campbell,* 40 *Ga. App.* 130 (148 S. E. 920). Apparently the only evidence in that case to show liability was that the dog was found dead upon the railroad-track.

3. The court did not err in failing, without request, to instruct the jury that the burden of proof rested upon the plaintiff and that

it was incumbent upon the plaintiff to establish the material allegations of the petition by a preponderance of the evidence. *Askew* v. *Amos,* 147 *Ga.* 613 (5) (95 S. E. 5); *Felder* v. *Roberts,* 160 *Ga.* 799 (4) (129 S. E. 99).

4. The defendant assigned error upon a charge to the effect that if the cow "was killed by the defendant company and . . the defendant company was negligent in one or more of the ways alleged in plaintiff's declaration, then the plaintiff would be entitled to recover." It is alleged that this instruction was erroneous because it authorized a finding for the plaintiff merely upon proof of negligence, irrespective of whether or not the alleged negligence was the proximate cause of the injury. The charge complained of was not cause for a new trial, under the particular facts appearing, whether or not such an instruction might be erroneous under other circumstances. In view of the evidence, if the defendant was in fact negligent, there could have been no question that such negligence was the proximate cause of the injury.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*