22426. CENTRAL OF GEORGIA RAILWAY COMPANY
*v.* GRACE.

DECIDED NOVEMBER 19, 1932.

*Pottle, Farkas & Cobb, Cruger Westbrook,* for plaintiff in error. *William Dinan,* contra.

SUTTON, J. R. L. Grace sued the Central of Georgia Railway Company for killing a cow, alleging that the employees of the defendant in charge of the train that killed the cow were negligent and could have seen the cow in time to stop the train had they used ordinary care and diligence. The evidence showed that the cow was killed about 8 a. m. on January 26, 1931, and that the track at the place of the killing was straight for ten or fifteen miles. The engineer and the fireman in charge of the train testified that it was running about thirty miles an hour; that they were looking ahead and did not see the cow until about two hundred feet from her; that the engineer immediately sounded the cattle alarm and

put on the emergency brakes, but hit the cow before he could stop the train; that he stopped the train as quickly as he could after seeing the cow; that it would take about three hundred feet to stop the train; that the engineer did everything possible to avoid hitting the cow after seeing her; and that it was difficult to see on that morning, on account of cloudy and foggy weather, and on account of the woods being on fire creating a heavy smoke. The testimony of the plaintiff was to the effect that the morning was clear and bright, and that there was no fog or smoke from burning woods to obscure the vision of the defendant's employees in charge of the train. The jury returned a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled, and to this judgment it excepted.

If the weather was clear and there was no fog or smoke to obscure the vision of the engineer and the fireman, and the track in front of the engine was straight for a long distance, the jury were authorized to find that if the engineer and the fireman had kept a proper lookout ahead of the train, they could have seen the cow in time to stop the train, its speed being only thirty miles an hour, and that their failure to keep a proper lookout ahead was negligence causing the death of the cow. *Georgia R. &c. Co.* v. *Churchill,* 113 *Ga.* 12 (38 S. E. 336); *A. C. L. R. Co.* v. *Strickland,* 125 *Ga.* 352 (54 S. E. 168); *A. C. L. R. Co.* v. *Willis,* 42 *Ga. App.* 768 (2), 771 (157 S. E. 254); *Southern Ry. Co.* v. *Rundle,* 37 *Ga. App.* 272 (139 S. E. 830); *Southern Ry. Co.* v. *Lang,* 11 *Ga. App.* 8 (74 S. E. 443). The fact that the morning was clear, that there was no fog or smoke to obscure the vision of the engineer and the fireman ahead of the train, and that the track was straight for some distance ahead, may afford proof of the defendant's negligence, and may be such as to raise an issue of credibility for determination by the jury, notwithstanding the defendant's servants testified that they were in the exercise of ordinary care and did all they could to prevent the killing of the cow. *W. & A. R. Co.* v. *Clark,* 2 *Ga. App.* 346 (58 S. E. 510); *A. & B. Ry. Co.* v. *Clute,* 3 *Ga. App.* 508 (60 S. E. 277); *Central of Ga. Ry. Co.* v. *Pitts,* 38 *Ga. App.* 780 (145 S. E. 518); *A. C. L. R. Co.* v. *Willis,* supra.

It follows that the verdict was authorized by the evidence, and that the court below did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J. concur.*