24753. POWELL, receiver, *et al.* v. NELSON, administratrix.

DECIDED JANUARY 7, 1936.

*W. S. Mann, Lamar Murdaugh,* for plaintiffs in error.

*H. W. Nalley, B. C. Pierce,* contra.

JENKINS, P. J. On an appeal from a justice's court to the superior court, the plaintiff owner of a pointer bird dog recovered $75 against the railroad company for its killing "by negligently, carelessly, wilfully, wantonly, and maliciously running over" the animal, as alleged in the petition. The court refused a new trial. The defendant excepted on the general grounds, and to an instruction which authorized the jury to find the defendant liable for mere negligence; and to a failure to submit its contention, not made in any request to charge or in its answer, that the animal was a trespasser, and that the defendant would not be liable for its killing except by wilfulness or wantonness in failing to exercise ordinary care after actually discovering its presence on the track. Under the undisputed testimony, the dog was not with its owner, but followed a crowd of boys to a water-hole, where the boys went swimming on the east side of and under a trestle on the railroad right of way. Two saw the killing. One boy testified that when he heard the train approaching, he put on his clothes and went up to see the train; that the dog ran out on the track at the west end of the trestle, and started across toward the east end, moving in the same direction as the train; that the train rounded a curve, the engineer blew his whistle one time, the train was going at average speed, never slowed down, and ran over the dog just as it reached about 8 feet from the end of the trestle; that the trestle was about 50 feet long, the curve 200 yards long, and the trestle could be seen about 175 yards away, although he had not measured or stepped the exact distances. The other eye-witness testified that the train was moving at about 39 miles an hour; that the trestle was about 25 feet long, the curve about 200 yards long; that the dog was on the trestle when the engineer blew his whistle once; that the train-bell was not rung; and that, so far as he could tell, the train did not slow down after the whistle blew. Another witness for the plaintiff testified that the trestle was 15 or 20 yards long. Two witnesses for the defendant testified that the trestle was about 50 feet long; and that the engineer could not see it until about 75 or 80 yards away. The engineer testified

that his train was moving between 40 and 50 miles an hour; that he could not see the trestle until within 75 yards from its nearest end; that the dog climbed up the bank just in front of the trestle and ran out·on the track about 65 or 75 feet ahead of the train, and started to run across the trestle in front of the train; that he blew his whistle, rang his bell, applied his brakes, and immediately reduced the speed of the train, which required about 450 feet to stop; that it was impossible to slow down enough to avoid killing the animal; and the death was an unavoidable accident.·

1. Domestic animals, ranging on the unenclosed rights of way of railroad companies, ordinarily are not to be regarded as trespassers, and the companies owe to the owners of such animals the duty of exercising ordinary care both in discovering their presence on railroad tracks and in avoiding their injury; the rule in such cases being different from the general rule applicable to human trespassers, as to whom the companies are generally liable only for wilful or wanton injuries in failing to exercise ordinary care after becoming actually aware of their presence. *Macon & Western R. Co.* v. *Lester,* 30 *Ga.* 911 (2), 914; *Ga. R. Co.* v. *Churchill,* 113 *Ga.* 12 (38 S. E. 336); *A. C. L. R. Co.* v. *Willis,* 42 *Ga. App.* 768, 771 (157 S. E. 254); *Weatherington* v. *Ga. So. & Fla. Ry. Co.,* 17 *Ga. App.* 584 (87 S. E. 844). Irrespective of what may have been·the rule prior·to the act of 1912, making dogs personal property and providing for their taxation (Ga. L. 1912, p. 46, Code of 1933, § 92-103; and see *Jemison* v. *S. W. Railroad,* 75 *Ga.* 444, 58 Am. R. 476; *Strong* v. *Ga. Ry. & El. Co.,* 118 *Ga.* 515, 45 S. E. 366; *Columbus R. Co.* v. *Woolfolk,* 128 *Ga.* 631, 58 S. E. 152, 10 L. R. A. (N. S.) 1136, 119 Am.·St. R. 404; 46 A. L. R. 1537, notes; 52 C. J. 24), it is now well settled that these animals come within the scope of the legal principles controlling the negligent killing of live stock or other domestic animals, and that railroad companies may be held liable for ordinary negligence in failing to discover their presence ·on tracks or in avoiding their injury, as well as for their wilful or wanton killing by failing to exercise ordinary care after becoming aware of their presence. *Seaboard Air-Line Ry.* v. *McDonald,* 19 *Ga. App.* 627 (91 S. E. 1053); *So. Ry. Co.* v. *Rundle,* 37 *Ga. App.* 272 (139 S. E. 830); *Alabama Great So. R. Co.* v. *Buchannon,* 35 *Ga. App.·* 156 (132 S. E. 253), and cit.

2. In the absence of any special demurrer attacking as duplicitous the petition of the plaintiff owner of a pointer bird dog, for the recovery of its value, under allegations that it was "negligently, carelessly, wilfully, wantonly, and maliciously" run over by a passenger-train of the defendant on a railroad trestle, the plaintiff was entitled to recover either on the theory of ordinary negligence or on the theory of wilfulness or wantonness, as the facts warranted. See *Citizens & Southern Bank* v. *Union Warehouse Co.,* 157 *Ga.* 434, 436 (122 S. E. 327) ; *Tice Co.* v. *Evans, 32 Ga. App.* 385 (2) (123 S. E. 742) ; *Howard* v. *Georgia Power Co., 49 Ga. App.* 420 (176 S. E. 69) ; *Hall* v. *John Hancock Mutual Life Ins. Co., 50 Ga. App.* 625 (179 S. E. 183) ; *Ga. So. & Fla. Ry. Co.* v. *Converse, 29 Ga. App.* 411 (116 S. E. 20).

3. The plaintiff did not rely on any presumption-of-liability statute; and both parties having introduced the testimony of eye-witnesses, the question of liability was determinable from their evidence and the physical facts. Notwithstanding the testimony of the engineer in charge of the train, that the killing of the dog was an unavoidable accident, and that due diligence was exercised in the blowing of the whistle, ringing of the bell, application of the brakes, and reduction of the speed of the train, it was for the jury to say, under the evidence as to the physical facts and the testimony of all the eye-witnesses, whether the defendant through its agents in charge of the train was guilty of negligence proximately causing the injury. The verdict for the plaintiff being authorized on the theory of ordinary negligence, the court did not err in refusing a new trial on the general grounds.

4. Under the preceding rules of law and the evidence in support of the petition, the court did not err in charging the jury that the dog was not a trespasser, and that it was the duty of the defendant to exercise ordinary care in maintaining a lookout ahead of the train to discover its presence and in avoiding its injury. Even if the law applicable to human trespassers had been applicable, the defendant can not complain of the failure to charge thereon, or upon the additional theory of the petition as to wilfulness and wantonness, in the absence of any written request to charge on such matters, or of any such defense in the answer, which merely denied generally the killing and liability for any amount.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*