31069.   ATLANTA, BIRMINGHAM AND COAST RAILROAD
COMPANY *v.* PATTERSON, for use, *et al.*

DECIDED MARCH 14, 1946.

*Brandon, Matthews, Long & Nall, R. A. Moore,* for plaintiff in error.

*D. C. Sapp, H. J. Quincey,* contra.

BROYLES, C. J. (After stating the foregoing facts.) ■ Were the general demurrers properly overruled? Counsel for the defendant carrier contend that the petition should have been dismissed, on the ground that it failed to show that the damage to the mules, if they were damaged while they were in transit, occurred while they were being transported by the defendant carrier. They admit that the initial carrier would be responsible for any negligence of a connecting carrier which caused damage to a shipment being transported, on a through bill of lading, from one State into another State, but they contend that the delivering carrier is liable only for its own negligence, and they cite many decisions to support that contention. However, those decisions were evidently rendered prior to the amendment to paragraphs 11 and 12, § 20, Title 49, U. S. C. A. Those paragraphs as so amended are set forth in 49 U. S. C. A. § 20 (pars. 11 and 12), and provide that the delivering carrier, as well as the initial carrier, is liable for all damage to property, received for interstate transportation by the initial carrier, on a through bill of lading, caused by any of the participating carriers. And that amendment was passed many years before the date of the instant transaction. In note 64 of 49 U. S. C. A. § 20 (11) it is said: "By the Newton amendment of March 4, 1927, c. 510, 44 Stat. 1448, 49 U. S. C. A. § 20 (11), a further change was made by making the transportation company delivering the property liable for damages occurring on lines of a preceding carrier where a through bill of lading was issued. Alwine *v.* Pennsylvania R. Co., 141 Pa. Super. 558 (15 Atl. 2d, 507)." The defendant contends also that the bill of lading contained stipulations that the carrier would not be liable for any damage to the livestock "caused by the act of God, the public enemy, quarantine, the authority of law, the inherent vice, weakness, or natural propensity of

the animal, or the act or default of the shipper or owner or the agent of either, or by riots, strikes, stoppage of labor, or threatened violence, or by the overloading of the livestock, crowding one upon another, escaping from car, pens or vessel, kicking or goring or otherwise injuring themselves or each other, suffocation, fright, or fire caused by the shipper or his agent, heat or cold, changes in weather, or delay caused by stress of weather, or damage to or obstruction of tracks or other causes beyond the carrier's control;" and that, since the petition did not allege that the damage sued for was not caused by any of these things, it failed to set out a cause of action.

We can not agree with this contention. If the damage was so caused, it was a matter to be set up by the carrier as a defense, and the petition having alleged certain specific acts of commission as the negligence of the defendant, it was unnecessary to therein negative such matters. *Central of Ga. Ry. Co.* v. *Bagley,* 121 *Ga.* 781, 782 (49 S. E. 780). "There being nothing in the allegations of the present petition from which it can be inferred that the death of the animal in question was due to its inherent viciousness or to the failure of its owner to exercise ordinary care for its safety, the trial judge erred in sustaining the general demurrer and dismissing the case." *Weatherington* v. *Ga. &c. Ry. Co.,* 17 *Ga. App.* 584 (3) (87 S. E. 844).

The petition was also demurred to on the ground that it failed to show that the plaintiff was the lawful holder of the bill of lading, and therefore he was not entitled to recover the damages sued for. In view of the amendments to the original petition, the ground is without merit. Moreover, "there are many cases holding that though the consignee may not be the real owner, if he has a special interest in the property shipped, he may maintain an action for the loss or for any damage to such property in transit, and in such action may have a recovery of the full value of the property where lost, or the full amount of damages to the property where it is damaged. The ownership need not be extensive, and an agent, factor, broker, bailee, or other person having rights in the property to be protected may maintain an action and recover both for himself and the general owner." *Southern Ry. Co.* v. *Miko,* 136 *Ga.* 272 (71 S. E. 241, 36 L. R. A. (N. S.) 68) ; *Allen* v. *So. Ry. Co.,* 33 *Ga. App.* 209 (126 S. E. 722).

In our opinion the petition as finally amended set out a cause of action against the defendant, and the general demurrers were properly overruled.

"In an action by the owner of livestock against the terminal carrier for damages to the livestock during an interstate shipment, evidence that the livestock was unaccompanied by the owner or caretaker, and was received for shipment by the initial carrier in good condition and delivered at destination by the terminal carrier in injured or damaged condition, was sufficient to make out a prima facie case for the plaintiff." Wilson v. Pennsylvania R. Co., 135 Ohio St. 560 (21 N. E. 2d, 865); Bancroft v. Yazoo &c. Co., 194 La. 115 (193 So. 481); Bonfiglio v. New York &c. Co., 292 Mass. 287 (198 N. E. 236).

■ The paragraph of the petition, seeking recovery of the expense of the plaintiff's trip to Troy, Alabama, when he bought the mules, the cost of the freight of the ten mules in question, the amount of the veterinary's bill for doctoring them, and the expense of burying them, was demurred to on the ground that such expenses were not proper items of damage for a recovery in this action.

Counsel for the plaintiff cite in their brief the Code, § 105-2004, which reads, "In all cases necessary expenses consequent upon the injury done are a legitimate item in the estimate of damages;" but they failed to cite any decision, and we have found none, where that section has been held to cover such items of damage as the above-stated ones. On the contrary, said counsel frankly state in their brief "that the interstate commerce act governing the liability of the carrier in interstate shipments is separate and distinct from the quoted provision [§ 105-2004] of the Georgia Code."

We think that the petition was subject to this ground of special demurrer, and that the court erred in overruling that demurrer.

In view of the amendments to the original petition, the other grounds of special demurrer are without substantial merit.

The judgment is reversed solely on account of the above-stated error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*