33113. ATLANTIC COAST LINE R. CO. *v.* MERCER.

DECIDED JULY 7, 1950. REHEARING DENIED JULY 20, 1950.

314

*Matthews, Long & Hendrix, Dewey Hayes, R. A. Moore,* for plaintiff in error.

*Grantham & Smith,* contra.

SUTTON, C. J. ▮ The demurrers to the petition consisted of a general demurrer and a demurrer to language used in the petition as being vague, indefinite, insufficient, or mere surplusage. These demurrers were all overruled, exceptions pendent lite were filed, and error assigned on the rulings in the bill of exceptions. No argument or insistence in regard to a ruling upon this assignment of error is made unless a statement in one of the briefs of the fact that error was assigned on the rulings followed by a citation of the case of *Flint River & Northeastern R. Co.* v. *Sanders,* 18 *Ga. App.* 766 (90 S. E. 655), involving rulings on demurrer, could be so construed. However, no attempt is made to show wherein any of the rulings made in that case would authorize or require a reversal of the rulings on demurrer in the present case, and a comparison of that case with the present case fails to reveal wherein any ruling there made could be so applied. Whether or not under these circumstances the assignment of error on the rulings on demurrer has been abandoned, this court is of the opinion that the demurrers were without merit. In the petition facts are alleged showing that a cow belonging to the plaintiff was killed by a train operated by the defendant on account of the negligence of its agents or em-

ployees in such operation, and that this occurred in the county in which the action was brought, and these alleged facts are stated in reasonably clear and understandable language. A cause of action was stated, and the special demurrers of the defendant fail to indicate any substantial defect in form. Under such circumstances it was proper for the trial judge to overrule all demurrers of the defendant to the petition.

■ In the only special ground of the motion for a new trial error is assigned on the admission in evidence of the testimony of Ira Phillips, over objection, that the engineer did not decrease the speed of the train. As reason therefor it is asserted that it misled the jury into the belief that it was the duty and obligation of an engineer to slow a train or locomotive when cattle came unexpectedly upon the track, even though the applying of emergency brakes might endanger the lives of persons on said train, and that it was likewise a duty to slow the train even after it had struck the cow in this instance. One of the allegations of the plaintiff was that the negligence of the defendant or its agents or employees which caused the killing of the cow was a failure to decrease the speed of the train, and the testimony was admissible in support of this allegation. Furthermore, as was subsequently developed by testimony for the defendant, the fact that the speed of the train was not decreased was not only uncontradicted, but was admitted, the testimony of both the engineer and the fireman clearly indicating that no attempt whatsoever was made to decrease the speed of the train. It clearly appears that the only contention of the defendant in this respect was that it was impossible to decrease the speed of the train after the cow was seen but before the animal was struck, and that to apply the emergency brakes might endanger members of the crew on the train at the time. This ground of the motion is without merit.

■ The sole remaining issue in this case is whether the verdict was authorized by the evidence. It is well-settled law that in a case of this kind proof of damage inflicted by the running of locomotives or cars is prima facie evidence of the want of reasonable care and skill on the part of servants of the railroad in reference to such damage, that this is a rule of evidence, and that the presumption thus created is overcome by the intro-

duction of evidence of the exercise of reasonable care and skill on the part of the servants of the railroad at the time and place in question, and such evidence is controlling, if not discredited or contradicted, in the absence of any evidence of negligence on the part of such servants at the time and place in question. See Code, § 94-1108; *Atlantic Coast Line R. Co.* v. *Martin,* 79 *Ga. App.* 194 (53 S. E. 2d, 176), and cases cited therein. It appears that the contention of the defendant is that the evidence of reasonable care and skill on the part of its servants was not discredited or contradicted and overcame any presumption, that there is an absence of any evidence of negligence on the part of such servants, and that a verdict for the defendant was demanded. This contention cannot be sustained. The plaintiff did not attempt to rely in the first instance upon any presumption of negligence, but went ahead and introduced evidence in support of certain of the allegations of negligence. Phillips testified for the plaintiff that the whistle was not blown and that he did not hear any bell being rung. Thereafter, Evans and Walker, the engineer and fireman, testified for the defendant that the whistle was blown, a series of short blasts, as a warning signal. There is no evidence for the defendant indicating that a bell was ever rung. Whether or not the whistle was blown, and whether or not a failure to blow the whistle or ring the bell would amount to a failure to exercise ordinary care, which was the proximate cause of the killing of the cow, were issues for determination by a jury. Under the circumstances of this case, a verdict was authorized for the plaintiff on account of issues as to negligence and proximate cause as to omissions on the part of the servants of the railroad. See and compare *Central of Georgia Ry. Co.* v. *Grace,* 46 *Ga. App.* 101 (166 S. E. 684); *Powell* v. *Nelson,* 52 *Ga. App.* 351, 354 (3) (183 S. E. 348); *Southern Ry. Co.* v. *Freeman,* 58 *Ga. App.* 403 (198 S. E. 717). This case is clearly distinguishable from the *Martin* case, supra, and similar cases cited and relied upon by counsel for the defendant, and the numerous cases cited in the *Martin* case, where the only basis for a verdict for the plaintiff was the initial presumption of negligence on the part of the defendant which arose by proof of damage inflicted by the operation of a train, which presumption had disappeared because

of the evidence adduced by the defendant showing the exercise of reasonable care and skill on the part of its servants at the time and place in question.

■ Accordingly, the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*