34933. ATLANTIC COAST LINE RAILROAD COMPANY
v. WALKER.

DECIDED FEBRUARY 6, 1954.

*Bennett, Pedrick & Bennett,* for plaintiff in error.

*Eldon L. Bowen,* contra.

FELTON, C. J. The plaintiff's evidence dealt only with establishing the fact that his cow was killed by the defendant's train and only established the legal presumption that the cow was killed due to the negligent running of the train. The defendant's engineer testified: that he first saw the plaintiff's cow when the train was six or seven hundred yards away from the cow; that at that time the cow was standing about fifteen feet from the track; that when the train was about two or three hundred feet from the cow, she started toward the track; that when the cow made a move toward the track, he already had the bell ringing so he blew the whistle in short blasts; that he was going about forty miles per hour, and if he had applied brakes, even in emergency, when he first saw the cow make a movement toward the track, he would not have had time to avoid killing the cow; and that the cow got on the track when the engine was ten or fifteen feet away.

In *Southern Ry. Co.* v. *Eubanks,* 117 *Ga.* 217 (43 S. E. 487), and *Augusta Southern R. Co.* v. *Carroll,* 7 *Ga. App.* 138 (66 S.

E. 403), it was held that a railroad company is not required to slow up or to reduce the speed of its trains when an animal is near a track unless the animal is apparently approaching the track or there is apparent danger that it will for some reason get on the track. We understand the ruling in these cases to clearly and indisputably mean that there is a duty on a railroad to slow up and reduce the speed of its trains when an animal is near a track and is approaching the track or there is apparent danger that it will get on the tracks. Of course, it is fundamental that the rule would not apply to cases where *nothing* the railroad could do, could or would have averted a collision. The above-cited cases have never been criticized or overruled. The only case we know of in which this court has made a contrary ruling, where the question of whether the railroad should have reduced the speed of the train was necessarily considered by the court, is that of *Wright* v. *Central of Ga. Ry. Co.*, 85 *Ga. App.* 654 (69 S. E. 2d 902), which, of course, must yield to the Supreme Court case and the older case from this court. The same applies to all other cases to the same effect where the evidence shows that the railroad did not reduce the speed of its train, in cases where a jury was authorized to find that the railroad failed to exercise ordinary care in failing to reduce the train's speed when a collision might have been avoided by reason of the fact that the additional warning made possible by the reducing of the train's speed might have frightened the animal away from the tracks, or that the reducing of the train's speed might have given the animal time to cross the track. Under the circumstances of this case, we think the jury was authorized to find that the railroad failed to exercise ordinary care in failing to reduce the speed of the train. We do not think that in such a case the railroad can absolve itself from liability under the decisions cited by proving merely that the train could not have been *stopped* in time to avoid a collision with an animal. See also *Bartley* v. *Georgia R.*, 60 *Ga.* 182; *Atlantic Coast Line R. Co.* v. *Mercer*, 82 *Ga. App.* 312 (2) (60 S. E. 2d 649).

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*