LEVERETT LEONARD & others *vs.* FITCHBURG RAILROAD
COMPANY.

Suffolk.  Nov. 9, 1886. — Jan. 8, 1887.  FIELD, J., did not sit.  HOLMES &
GARDNER, JJ., absent.

In an action against a railroad corporation for injuries to cattle, in the transporta-
tion of them from a ship lying at a wharf to quarantine grounds in W., by
reason of improper cars being used, and by delay in their transportation, it
appeared that the cars used were box cars provided with doors, but not with
slats upon the sides to promote ventilation, and were also without cleats upon
the floor by which the animals could maintain their footing; that the only
quarantine grounds for imported cattle in this Commonwealth were at W.; and
that the only railroad by which cattle could be transported there was that of
the defendant.  The defendant offered to show that box cars similar to those
furnished for the conveyance of the plaintiff's cattle had always been used by
the defendant for carrying cattle to the quarantine grounds, and also how such
cars had usually been equipped in regard to their floors.  The judge excluded
this evidence; and ruled that the defendant might show that box cars were used
by other railroads for the transportation of cattle, and the mode of equipment of
their floors.  *Held,* that the defendant had no ground of exception.

In an action against a railroad corporation for injuries to cattle, in the transpor-
tation of them from a ship lying at a wharf to quarantine grounds in W., by
reason of improper cars being used, and by delay in their transportation, a wit-
ness for the plaintiff was asked as to the value of a cow which was found dead
among the plaintiff's herd on its arrival at W., "having regard to its market
value at the time in the nearest place to W. that he knew of where there was a
market for it, and the cost of getting it there, and the risk;" and was further
asked, "on the same basis," as to the injury to the herd, if it had at its arrival
been put up for sale; and answered, that "a hundred dollars a head would not
have covered" it.  The plaintiff subsequently asked of the witness what was
his estimate of the injury to the cattle sustained at the time, "if such judicious
and proper measures were taken as a prudent man would take to put them in
proper condition for sale, to make them fit for market," and "what his own
estimate would be of the actual damage, from the experience of that night,
assuming that he could have an opportunity to cure it by the usual judicious
and prudent course."  To this he answered that the damage would be from $20
to $30 a head.  The verdict of the jury showed that no rule of damages more
unfavorable to the defendant than $20 a head was adopted.  *Held,* that the
defendant had no ground of exception.

DEVENS, J.  This is an action to recover damages for an
alleged injury to cattle, in the transportation of them from a
ship lying at a wharf in Boston to the quarantine grounds in
Waltham, by reason of improper cars being used, and also on
account of delay in their transportation.  One of the contentions
of the plaintiff is that the cars were unsuitable, as they were

box cars provided with doors, but not with slats upon the sides, so that there was no sufficient means of ventilation, and also without cleats upon the floor by which the animals could maintain their footing. Whether the defendant had provided slats, and carpenters to nail them across the opening of the doors, was in dispute.

The seventh regulation of the regulations issued from the United States treasury department, "governing the treatment and quarantine of imported cattle," provides that "the railway cars used in the transportation of cattle to the quarantine grounds shall either be cars reserved for this exclusive use or box cars not otherwise employed in the transportation of neat animals," &c.

The defendant offered to prove that box cars similar to those furnished for the conveyance of the plaintiff's cattle had always been used by the defendant for carrying cattle to said quarantine grounds, and also how such cars had usually been equipped in regard to their floors. The only quarantine grounds for imported cattle in Massachusetts are at Waltham, and the only railroad by which cattle can be transported thither is that of the defendant. The evidence offered by the defendant was excluded by the presiding judge, and he ruled that the defendant might show that box cars were used by other railroads for the transportation of cattle, and also the mode of equipment of their floors. The contention of the defendant, that the mode of transportation adopted in this case was its usual mode, and must therefore be held to have been accepted by the plaintiffs, cannot be sustained. If it was an unsafe method of transportation, the fact that it was usual with the defendant cannot exonerate it from its contract to transport safely, and its own usage would not have any tendency to show that it had adopted a safe method. Even if its railroad was the only one by which cattle could be conveyed to the quarantine grounds, the conveyance of cattle is common to nearly all railroads, and the modes adopted by them in the preparation of their cars the defendant was permitted to show, as bearing on the character of that adopted by itself. *Peverly* v. *Boston*, 136 Mass. 366.

A witness for the plaintiff was asked as to the value of a cow which was found dead among the plaintiff's herd on its arrival

at Waltham, "having regard to its market value at the time in the nearest place to Waltham that he knew of where there was a market for it, and the cost of getting it there, and the risk;" and was further asked, "on the same basis," as to the injury to the herd, if it had at its arrival been put up for sale; and answered, that "a hundred dollars a head would not have covered" it. This question and answer were excepted to; and the plaintiffs subsequently asked of the witness what was his estimate of the injury the cattle sustained at the time, "if such judicious and proper measures were taken as a prudent man would take to put them in proper condition for sale, to make them fit for market," and "what his own estimate would be of the actual damage, from the experience of that night, assuming that he could have an opportunity to cure it by the usual judicious and prudent course." To this he answered, that the damage would be from $20 to $30 per head.

The defendant's argument concedes that, if the jury had been directed to take the latter computation as the true rule of damages, any difficulty in the admission of the former question and answer might have been cured. The instruction given by the presiding judge upon the question of damages does not appear. No exception was taken to it, and, in the absence of any report upon the subject, we must hold that it was clear, correct, and adapted to the case. The verdict sufficiently shows that no rule of damages more unfavorable to the defendant than $20 a head could have been adopted. Nor are we prepared to say that, even if Waltham was not the proper market for such cattle, having regard to the place where such market might be, the cost of getting them there, and the attendant risk, the witness, in testifying to the original injury which the cattle received, might not express the amount of the injury by a statement of what its effect would be upon the value of the animals if exposed for sale. Even if Waltham was not the proper market for such animals, they must have had a value there for the purpose of transportation to the place where they were generally bought and sold. We are of opinion, therefore, that this exception cannot be sustained. *Exceptions overruled.*

*C. A. Welch*, for the defendant.

*L. S. Dabney*, for the plaintiffs.