GUISEPPE BONFIGLIO *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Suffolk.   January 8, 1935. — October 31, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Carrier*, Of goods. *Proximate Cause.*

Statements by DONAHUE, J., as to the liability of common carriers for damage to goods transported in interstate commerce.

That a shipper of goods by railroad ordered and accepted a certain type of car unsuitable for the shipment, but not known by him to be unsuitable, did not require a finding that damage to the goods in transit was caused by an "act . . . of the shipper" within a provision of the bill of lading exempting the carrier from liability for damage so caused.

CONTRACT OR TORT.   Writ in the Municipal Court of the City of Boston dated November 3, 1932.

The action was heard in the Municipal Court by *Donovan*, J.

*A. W. Blackman*, for the defendant.

*J. J. Cox*, (*M. A. Scanlon* with him,) for the plaintiff.

DONAHUE, J.  The plaintiff brings this action to recover for damage to two carloads of watermelons, one of which was shipped by him to Boston from North Carolina and the other from South Carolina.  The two initial carriers

were southern railroads and the defendant, the last of several railroads named in the bills of lading, delivered the shipments at Boston to the consignee therein designated. The case was tried before a judge of the Municipal Court of the City of Boston. It was agreed at the trial that the defendant was liable in the sum of $250 as damages for certain watermelons in each carload which were delivered at Boston in a bruised or broken condition. The trial judge further found that the plaintiff was entitled to recover the additional sum of $500 for damage caused by cinders and cinder dust which entered the cars while in transit. He reported to the Appellate Division rulings made by him and his refusal to give rulings requested by the defendant with reference to that issue. The Appellate Division dismissed the report and the defendant has appealed.

The trial judge made the following findings of facts: The plaintiff requested each of the two southern railroads to furnish him with a ventilator car in which to ship a carload of watermelons to Boston. Each of the railroads furnished him with a "ventilator" car provided with a ventilator in each end and with open side doors, the space of the doorways being covered with a wire screening. The plaintiff accepted the cars and shipped therein two carloads of watermelons to Boston. Upon arrival there the watermelons were delivered to the consignee by the defendant in a damaged condition by reason of a deposit of cinders and cinder dust thereon. The construction and type of the ventilators in each end of the cars and the screening covering the space created by the open side doors were such as to permit the entrance into the cars of cinders and cinder dust in such quantity as to cause damage to the watermelons to the extent of $500. While it is customary for common carriers to ship watermelons in the kind and type of ventilator cars furnished to the plaintiff it is not necessary so to do. There was evidence that the watermelons were in good condition when received by the initial carriers.

The shipments were received by the initial carriers for transportation in interstate commerce. By the interstate commerce act as amended by Act of March 4, 1927 (U. S.

Code, Title 49, § 20, paragraphs 11 and 12) any common carrier delivering property so received and transported is liable to the owner thereof for any damage caused by such delivering carrier or by the carrier originally receiving it or by any intervening carrier over whose line the property has passed. A delivering carrier which has been required to pay an owner for damage to his property may, however, recover the amount of such payment from any preceding carrier on whose line the damage was in fact sustained.

The statute, which was passed in the exercise of the power of Congress to regulate interstate commerce, manifests no intention to alter or abrogate existing law as to what constitutes the basis of the liability of a common carrier or the existing rules as to proof of such liability. See *Chicago & Northwestern Railway* v. *C. C. Whitnack Produce Co.* 258 U. S. 369, 371, 372; *Oregon-Washington Railroad & Navigation Co.* v. *McGinn*, 258 U. S. 409, 413; *Adams Express Co.* v. *Croninger*, 226 U. S. 491, 511. It is a rule of substantive law that a carrier is liable for the failure to transport safely goods entrusted to its care unless they are lost or damaged from a cause excepted from the rule by law, or by a valid contract. *Chesapeake & Ohio Railway* v. *Thompson Manuf. Co.* 270 U. S. 416, 421, 422. *Bank of Kentucky* v. *Adams Express Co.* 93 U. S. 174, 181. If a shipper of goods shows that he delivered them to a carrier in good condition and they were delivered to the consignee in bad condition, he has made out a *prima facie* case of liability against the delivering carrier. Unless there is evidence to rebut it and relieve the carrier from liability the shipper is entitled to recover. *Chesapeake & Ohio Railway* v. *Thompson Manuf. Co.* 270 U. S. 416, 422–423. *Chicago & Northwestern Railway* v. *C. C. Whitnack Produce Co.* 258 U. S. 369, 372, 373. *Galveston, Harrisburg & San Antonio Railway* v. *Wallace*, 223 U. S. 481, 492. *Chicago & Eastern Illinois Railroad* v. *Collins Produce Co.* 249 U. S. 186, 191. See *Lyon* v. *Boston & Maine Railroad*, 261 Mass. 251, 253, and cases cited; *Northern Industrial Chemical Co.* v. *Director General of Railroads*, 249 Mass. 246, 254. These rules of law are to be applied in passing upon the question of the

liability of the defendant for the damaged condition of the goods when delivered.

The defendant does not contend that the amendment to the interstate commerce act above referred to is unconstitutional or that it did not apply to the shipments of the plaintiff. It relies largely on an exception to the carriers' liability contained in the bills of lading. Those documents, in which the defendant is named as the delivering carrier, provided that "The carrier or party in possession of any of the property herein described shall be liable as at common law for any loss thereof or damage thereto, except as hereinafter provided," and among other exceptions to the carriers' liability include damage caused by "the act or default of the shipper or owner." It is in effect the contention of the defendant that the shipper, having asked the initial carriers for ventilator cars and cars of that type having been furnished by the carriers, made his own selection of the cars which were used, that this constituted an "act . . . of the shipper" which was the cause of the damage done to the plaintiff's goods and hence was within the exceptions to liability stated in the bills of lading.

The plaintiff, having shown that his goods were in good condition when received by the initial carriers and were in bad condition when delivered by the defendant, made out a *prima facie* case of carrier liability against the defendant, which would be liable not only if the damage was caused by it but, as well, under the statute, if the damage was caused by the initial carriers or by intervening carriers. The defendant relies on an "act . . . of the shipper" as rebutting the *prima facie* case. The trial judge found as a fact that the damage in question was not caused by an act or default of the shipper. The decisive question here is whether the judge was compelled to find that the damage was caused by the "act . . . of the shipper" and that the *prima facie* case established by the plaintiff was rebutted.

The southern railroads which furnished the cars for the transportation of the plaintiff's goods were, by reason of their obligation as common carriers to transport safely goods committed to their care, under the duty to furnish

cars which were free from defects that would endanger the safety of the shipments and were suitable for the transportation of such goods. *Railroad Co.* v. *Pratt,* 22 Wall. 123, 133, 134. *Smith* v. *New Haven & Northampton Railroad,* 12 Allen, 531. *Pratt* v. *Ogdensburg & Lake Champlain Railroad,* 102 Mass. 557, 567. *Leonard* v. *Fitchburg Railroad,* 143 Mass. 307. *Louisville & Nashville Railroad* v. *Carr,* 77 Fla. 469. *Cincinnati, New Orleans & Texas Pacific Railway* v. *N. K. Fairbanks & Co.* 90 Fed. Rep. 467, 471. For collection of cases see 5 Am. L. R. 108. A shipper may relieve the carrier from this duty if he makes a contract to assume the risk of damage resulting from a known condition or unsuitability of a car or if he voluntarily selects or accepts a car for the transportation of his goods with knowledge of its defects or unsuitability, relying on his own judgment and not on the judgment or duty of the carrier. But if a shipper selects or accepts a car without knowledge of a defect therein or of its unsuitability, relying not on his own judgment but on the judgment of the carrier, the latter is not relieved from liability. *Railroad Co.* v. *Pratt,* 22 Wall. 123, 133, 134. *Harris* v. *Northern Indiana Railroad,* 20 N. Y. 232. *F. D. Forrester & Co.* v. *Southern Railway,* 147 N. C. 553. *Frohlich* v. *Pennsylvania Co.* 138 Mich. 116. *Railroad* v. *Dies,* 91 Tenn. 177. *Alabama Great Southern Railroad* v. *Morris & Co.* 249 Fed. Rep. 312. *Louisville & Nashville Railroad* v. *Carr,* 77 Fla. 469.

The deposit of cinders and cinder dust which caused damage to the plaintiff's watermelons was substantial in quantity. The loss, as found by the judge, amounted to one third of their total value. That some dust would appear on goods transported in such cars for a long distance on railroads may readily be inferred, but it is not a necessary inference that a deposit of cinders and other material in such quantity as to cause general and substantial damage would result from such transportation. All that appears as to the negotiations between the plaintiff and the initial carriers is that the plaintiff requested the carriers to furnish him with ventilator cars, the car-

riers provided ventilator cars and the plaintiff accepted them. There is nothing in the record showing past personal experience of the plaintiff with shipments of watermelons in such cars. Nor is there anything indicating such knowledge, gained otherwise than through experience, as would compel the drawing of the inference that he should have anticipated the damage in fact done, or any damage to his goods, because of their shipment in the cars which the carriers provided for their transportation. On the other hand the judge was warranted in inferring that the initial carriers, whose business was railroad transportation, had knowledge of any perils to which the goods, when shipped in the cars which they provided, would ordinarily be subject while being transported over the railroads between their shipping point and their destination. If the judge found that the carriers had knowledge of the unsuitability of the cars for the purpose for which they were furnished and that the plaintiff did not, he was not compelled to conclude that the plaintiff made a selection of the cars relying on his own judgment and not on the duty owed by the carriers.

Furthermore, the judge did not, and was not obliged to, find that the character of the damage suffered by the plaintiff's goods was an ordinary incident of the transportation of watermelons in cars of the type furnished by the carriers. Although cars of that kind were customarily, but not necessarily, used in the transportation of watermelons, the defendant did not show that watermelons or any other goods transported by the initial carriers or any other railroads ever suffered damage of a similar character. For all that appears the damage to the plaintiff's shipments might have been due to an extraordinary temporary condition of flying cinders, originating on the line of a carrier transporting the goods or on premises adjacent; such a condition as could not reasonably have been anticipated at the time of the shipment either by the initial carriers or by the plaintiff. In such a situation, which the defendant did not negative with evidence, the defendant, by virtue of the responsi-

bility for damage caused by other carriers under the statute, could be found liable on a plaintiff's *prima facie* case.

The initial carriers were under no compulsion to use the type of cars provided for the carriage of the plaintiff's goods. The judge found that it was not necessary to use such cars for the transportation of watermelons. The carriers are not exempt from liability because of the fact that it was customary for railroads to ship watermelons in that kind of cars. That the carriers followed the practices of others does not necessarily mean performance by them of the duty which they owed the plaintiff. *Leonard* v. *Fitchburg Railroad,* 143 Mass. 307. *Dolan* v. *Boott Cotton Mills,* 185 Mass. 576, 580. *Pitcher* v. *Old Colony Street Railway,* 196 Mass. 69. *Wilson* v. *Alexander,* 230 Mass. 242. *Bernier* v. *Pittsfield Coal Gas Co.* 257 Mass. 188.

What has been hitherto said makes it unnecessary to discuss in detail the defendant's requests for rulings which were denied by the trial judge. In those which were argued before us we find no error.

*Order dismissing report affirmed.*