Sullivan, J.
In this action of contract for rent under a written lease, dated March 10,1936, the plaintiff seeks to *79 recover four months rent at twenty-three dollars per month for December, 1940, January, February, and March, 1941. The defendant answered a general denial, payment and eviction.
There was evidence that the lease would be automatically renewed from year to year unless the tenant in writing gave a sixty days notice of his intention to terminate the same before its expiration in any year. It was agreed that no such notice was ever given to the plaintiff by the defendant ; that the defendant vacated the premises before December 1, 1940 because the premises had become unfit to live in, very unwholesome, unhealthy, damp, infested with vermin, the yard, littered with ashes, broken windows in the cellar, all causing the premises to become generally untenantable, resulting in the illness of the defendant’s wife and children; that this condition arose after the tenant’s incumbency of the premises; that frequent complaints were made by the defendant to the plaintiff but without avail. Complaint was made to the city authorities who found these conditions to exist. The plaintiff contended that the defendant was employed by her as janitor for the premises and allowance on the rent was made for such service, which was denied by the defendant.
Three requests were filed by the plaintiff which were denied. The report is alleged to contain all the evidence material to the issues involved. There was a general finding for the defendant.
One of the issues to be determined is the propriety in the denial of request No. 2, which was phrased in the following language, “The Court is warranted in making a finding for the plaintiff.”
Eviction is defined in Rome vs. Johnson, 274 Mass. 444, 449, 450 as “Any act or omission of a permanent character *80 by the landlord, or by his consent, with the intention and effect of depriving the tenant of the enjoyment of the premises demised, or any part thereof, of which he abandons possession.” It is an affirmative defence with the burden of proof resting upon the defendant. Rome vs. Johnson, 274 Mass. 444, at page 450 and cases cited. Tracy vs. Long, 295 Mass. 201, 203.
There is no evidence in the report to show that these conditions which were alleged to exist and to come into being after the tenancy was created were caused by the plaintiff. It is contended by the plaintiff that the premises were left in the care and control of the defendant whom she had retained as janitor and who was compensated for this service by an allowance on the rent. This employment the defendant denied. It does not appear that the plaintiff was to keep the windows whole, the yard, floors and walls dry and clean and the premises free from vermin and there is no evidence of any act of omission or neglect on the part of the plaintiff in the circumstances.
The refusal of the court to grant request No. 2 was prejudicial error. No reason is given for such denial.
The plaintiff was seeking a ruling that there was evidence to justify a finding in her favor. She was entitled to that ruling or to a statement of findings of facts- showing that the requested ruling had become irrelevant. Bresnick vs. Heath, 292 Mass. 292, 298. John Hetherington & Sons Lt’d. vs. Wm. Firth Co., 210 Mass. 8, 18, 19.
The record does not show that the ultimate decision may not have been due .to the erroneous view of the law of the trial judge expressed by his denial of the request. Bresnick vs. Heath, 292 Mass. 292.
*81 The principle has been laid down by repeated decisions that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error. Povey vs. Colonial Beacon, Oil Co., 294 Mass. 86, 93. John Hetherington & Sons, supra, 210 Mass. 8, 18, 19. Castano vs. Leone, 278 Mass. 429, 431. Home Savings Bank vs. Savransky, 307 Mass. 601, 603.
“He must adopt correct rules of law for his guidance and find the facts as guided by these rules. And upon proper requests therefore he must state the rules of law adopted by him for his guidance as a trier of "fact in order that the right of review thereof may be preserved.” Adamaitis vs. Metropolitan Life Ins. Co., 295 Mass. 215, 219. Cameron vs. Buckley, 299 Mass. 432, 433. Home Savings Bank vs. Savransky, 307 Mass. 601, at page 603.
The evidence warranted a finding for the plaintiff and the refusal to grant the requested ruling is error, because the plaintiff has been deprived of the right to have the evidence considered upon the material issue of fact. Strong vs. Haverhill Electric Co., 299 Mass. 456. Home Savings Bank vs. Savransky, 307 Mass. 601 at pages 603, 604 and cases cited.
It was prejudicial error on the part of the trial judge to deny the plaintiff’s request Ño. 3 which is as follows: “The Court should not be warranted in making a finding for the defendant.” This request should have been given as the sum total of all the evidence does not amount to enough to warrant a finding for the defendant on the ground of eviction. There is no evidence that the plaintiff was *82 responsible for conditions or that she had the intention which either actually or constructively is necessary to prove eviction.
The finding for the defendant is vacated and a finding for the plaintiff on her declaration is hereby ordered.