Eno, J.
This is an action by the consignee of a shipment of flower plants, to recover damages arising from its injury by freezing while in transit between Urbana, Ohio, and Waltham, in this Commonwealth.
This action is described in the writ as an action of “contract and tort.”
The plaintiff’s declaration is as follows:
“Now comes the Plaintiff and for its declaration, says that on or about December 29,1943, he purchased from Louis Dank of Urbana, Ohio, One Thousand.Five Hundred (1500) Nephthytis Liberica plants; that on or about January 1, 1944, he entered into a contract of carriage with the Defendant for the shipment- of the said One Thousand Five Hundred (1500) Nephthytis Liberica plants from Urbana, Ohio to the Plaintiff’s place of business in Waltbam, 'County of Middlesex, -Commonwealth of Massachusetts; that at the time the contract of carriage was entered into by the plaintiff with the Defendant, the Plaintiff advised the Defendant that the shipment consisted of live plants which *289 were perishable and which were to be protected from heat and frost; that the Defendant accepted the condition of the shipment in accordance with the information given to it by the Plaintiff; that the Defendant as part of its contract of carriage as a common carrier agreed to deliver the property contained in the shipment to the Plaintiff in the same condition as that property was at the time it was delivered to the Defendant for shipment; that the property was delivered to the Defendant for shipment in good condition and well packed in accordance with the regulations of the Defendant; that the Defendant delivered the property to the Plaintiff in Waltham, County of Middlesex, Commonwealth of Massachusetts, in a frozen and bad condition, thereby causing a loss to the Plaintiff; that the cost of the One Thousand Five Hundred (1500) Nephthytis Liberica plants was One Hundred and Twenty 00/100 (120.00) Dollars, and the amount paid to the Defendant for the shipment of the goods was Twelve and 61/100 (12.61) Dollars.
WHEREFORE, the Plaintiff asks for judgment against the Defendant in the amount of One Hundred and Thirty-two and 61/100 (132.61) Dollars, together with interest thereon from January 1, 1944.”
The answer is a general denial.
The evidence as reported is as follows: The Plaintiff purchased from one Louis Dank One Thousand Five Hundred (1500) Nephthytis Liberica plants at Urbana, Ohio. These plants were delivered by the said Louis Dank to the Defendant carrier on December 29, 1943, for shipment by the Defendant carrier to the Plaintiff at Waltham, Massachusetts. The said plants were delivered to the Defendant carrier in twelve (12) fibre boxes which constituted less than a carload lot. Each fibre box had pasted on it a form poster setting forth the following:
“Rush — Perishable Plants — Keep from Heat and Frost — This Side Up”
*290 The receipt issued by the Defendant carrier was the uniform express receipt which provides as follows:
“Received shipment described hereon subject to the classifications and tariffs in effect on the date hereof, value herein declared by shipper to be that entered in space hereon, reading ‘declared value’, which the company agrees to carry upon the terms and conditions printed hereon, to which the shipper agrees and as evidence thereof accepts this receipt. ’ ’
The Uniform Express Receipt states among its terms and conditiotis so far as material that:
“Unless caused in whole or in part by its own negligence or that of its agents, the company (meaning the Defendant Railway Express Agency, Inc.) shall not be liable for loss, damage or delays caused by: (a) The act or default of the shipper or owner; (b) The nature of the property or defect or inherent vices thereon; (c) Improper or insufficient packing, securing, or addressing; (d) The Act of God, public enemies, authority of law, quarantine, riots, strikes, perils of Navigation, the hazards or dangers incident to a state of war or occurrence in customs warehouse.”
This receipt was in the form prescribed by the Interstate Commerce Commission.
On January 4,1944, the twelve (12) fibre boxes containing the said One Thousand Five Hundred (1500) Nephthytis Liberica plants were delivered by the Defendant carrier to the Plaintiff in Waltham, Massachusetts. Within ten (10) minutes after receipt of the delivery, the Plaintiff opened the said boxes and found all of the plants to be in a frozen condition. Each of the twelve (12) boxes delivered by the Defendant carrier to the Plaintiff in Waltham, Massachusetts, had attached to the outside of the box the same label or poster as previously stated. Each of the plants when delivered by the Defendant carrier to the Plaintiff in Wal *291 tkam, Massachusetts, was wrapped in paper. Bach of the boxes when delivered by the Defendant carrier to the Plaintiff in Waltham, Massachusetts, contained layers of paper on both the bottom and top of the box, and there was additional paper separating each plant.
On January 4, 1944, the Plaintiff orally notified the Defendant carrier of the frozen condition of the said plants upon delivery by the Defendant carrier to the Plaintiff in Waltham, Massachusetts.
On January 6, 1944, the Plaintiff notified the Defendant in writing of the frozen condition of the plants when delivered by the Defendant carrier to the Plaintiff in Waltham, Massachusetts.
The Defendant offered in evidence a certified copy of the Defendant’s Classification and Tariff in effect on the date of the shipment and called attention to the fact that the said Classification and Tariff contained no rules nor rates for the protection of perishable shipments from heat or cold, except the provisions providing for furnishing refrigerator cars for carload shipments of perishables, but contained no provisions for protecting perishables from cold and no provisions for furnishing heat to protect such perishables.
At the close of the trial and before the final arguments, the Plaintiff made the following requests for rulings to which are added the judge’s disposition of the same:
“1. The evidence warrants a finding that the plaintiff is the owner of the plants shipped by the defendant from,'Ohio to Waverly. (Allowed.)* 2. The evidence warrants a finding that the plants were delivered to the defendant in a live condition and not frozen. (Allowed.) 3. The evidence warrants a finding that the plants were wrapped and packed by the plaintiff in order to protect them from freezing. (Allow *292 ed.) 4. The evidence warrants a finding that the plants were delivered by the defendant to the plaintiff in Waverly in a frozen condition. (Allowed.) 5. The evidence warrants a finding that the plants were frozen as a result of the negligence of the defendant. (Not allowed as not responsive to the plaintiff’s declaration which is in contract, this request refers to tort for negligence.) 6. The evidence warrants a finding that the damage to the plants was not caused by any of the acts set forth in paragraph 4 of the uniform express receipt. (Allowed.) 7. The evidence does not warrant a finding that the damage to the plants was caused by any of the acts set forth in paragraph 4 of the uniform express receipt. (Allowed.) 8. The evidence warrants a finding that the defendant is a common carrier. (Allowed.) 9. A common carrier has the duty to furnish reasonably adequate facilities for the transportation of property and the facilities to be furnished depends on the character and nature of the property shipped. (Allowed so far as applicable but subject to all regulations of Interstate Commerce Commission as to interstate commerce shipments.) 10. The evidence warrants a finding that the containers for the plants were marked ‘Live plants — this side up— protect from heat and frost — perishable’. (Allowed.) 11. The uniform express receipt signed by the defendant for the receipt of the property creates a presumption that the property was in good condition when received by the defendant for shipment. Hastings v. Pepper, 11 Pick. 41; Canney v. American Express Co., 222 Mass. 348; Northern Industrial Chemical Co. v. Director General of R. R., 249 Mass. 246. (Allowed.) 12. The evidence warrants a finding* that the defendant has not rebutted the presumption that by signing the unif arm express receipt the defendant acknowledged that the property was in good condition. (Allowed.) 13. The delivery by a shipper to a carrier of property for delivery to a named consignee raises a presumption that the consignee has the title to the property. (Allowed.) American Garment Co. v. Taylor, 308 Mass. 527. 14. The evidence does not warrant a finding that the presumption of title to the plants has been rebutted by *293 the defendant. (Allowed.) 15. The notice by the defendant dated October 15, 1943 is not to be taken into consideration in regard to the liability of the defendant. Cott v. Dinsmore, 111 Mass. 45. (Allowed.) 16. A common carrier is presumed to be liable for damage to property where it is shown that the property was delivered to the carrier in good condition and delivered by the carrier in damaged condition. Bonfiglio v. New York, New Haven and Hartford Railroad, 292 Mass. 287; Ledoux v. Railway Express Co., 113 Vt. 480. (Allowed so far as applicable upon the facts found that this was an interstate commerce shipment, subject to all lawful regulations of the Interstate Commerce Commission regarding interstate commerce shipments.) 17. The evidence warrants a finding that the defendant has not rebutted the presumption of liability by the delivery to it of the plants in good condition and the delivery by it of the property in damaged condition. (Not allowed because it is predicated on an insufficient statement of the facts actuall/y found that this was an interstate shipment and is governed by the law relative to interstate shipments so far as that law has modified common law liability.) 18. The evidence warrants a finding for the plaintiff. (Refused because this is substantially a request upon all the evidence, see District Court Rule 27, 2nd paragraph.) 19. The evidence does not warrant a finding for the defendant. (Refused, same reason as 18.)”
The 'Court made the following Finding:
“STATEMENT OF THE CASE: By this action of contract, the plaintiff seeks recovery for loss due to freezing while in transit, of less than a carload lot of plants, transported by the defendant as a common carrier, in interstate commerce, from Ohio to Waltham, in January, 1944. That title was in the plaintiff was not questioned.”
“RULING: I rule that the rights and liabilities of the parties are governed by the Acts of Congress, the hill of lading and the tariffs duly filed with the Interstate Commerce Commission.”
*294 “FINDING- OF FACT: I find that the plants in question, less than a carload lot, were carefully packed and reasonably prepared against cold, that they were received by the defendant carrier in Ohio in good condition, under the applicable ' uniform bill of lading prescribed by the Interstate Commerce Commission, were transported by it in the usual course of business in January, 1944 and were delivered to the plaintiff in Waltham. Immediately upon delivery it was discovered that they had been frozen while in transit and were a total loss.”
“The 'boxes in which they were packed bore cautionary labels to the effect that their contents were perishable and should be kept from freezing. ’ ’
* * *
“I believe this ease is exactly parallel to Blodget Co. v. New York Central, 261 Mass. 365, which arose from .the freezing of a shipment of celery, except that in the latter case the writ was in contract or tort. The Interstate Commerce Commission schedules under which this shipment was made contained the same provision absolving the defendant carrier from heating cars set forth on page 368 of the Blodget case.
“It is not open to the plaintiff shipper to show that it did not assent to the terms of the bill of lading as a contract, Johnson v. New Haven, 217 Mass. 203 and McKinney v. Boston and Maine, 217 Mass. 274.
“Reference is made particularly in the next to last paragraph on page 369 of the Blodget case, reading as follows:
“ ‘It is manifest that at common law the defendant cannot be charged with liability merely because heat was not furnished to protect the celery. 'Oases- cited by -the plaintiff where carriers are held liable show that the injuries were due to negligence by reas-on of delay in .shipping, furnishing an improper car, exposing- the goods to cold weather or to the breach of a special contract for transportation. Fox v. Boston & Maine Railroad, 148 Mass. 220. Hewett v. Chicago, Burlington & Quincy Railway, 63 Iowa 611. McGraw v. Baltimore & Ohio Railroad, supra, Johnson v. New York, New Haven & Hartford Railroad, 111 Maine 263, 270.'
*295 “This was a shipment in interstate commerce and was received for transportation subject to such classification and tariffs. Thereunder the carrier was not required to furnish heat, but the shippers might do so. The rates were published under the requirements of the Interstate Commerce Act and. are binding upon all parties1 engaged in interstate transportation. The shipment was made under the standard bill of lading issued by the defendant in conformity with the Cummins amendment to the Interstate Commerce Act. U. S. St. 1915, c. 176 ; 38 U. S. Sts. at Large, 1196. The rights and liabilities of the parties are governed by the Acts of Congress', the bill of lading, and the tariffs duly filed with the Interstate Commerce Commission. In this connection it was said in New York Central & Hudson River Railroad v. York & Whitney Co., 230 Mass. 206, at page 213: ‘They have the force of a statute. They cannot be varied under any pretext. The carrier cannot lawfully depart from them.’ The shipper and consignee knew or were charged with knowledge of these provisions. New York Central & Hudson River Railroad v. Boaham, 242 U. S. 148. Western Transit Co. v. A. C. Leslie & Co. Ltd. 242 U. S. 448, 454. I enter a finding for the defendant.”
The report states that it contains all the evidence material to the questions reported.
The report is before us on the denial of plaintiff’s requests for rulings 5, 9, 16,17, 18, and 19', as well as to the Court’s findings.
We assume in favor of the plaintiff company, that it intended to use the conjunction “or” instead of “and” in describing the class of action in the writ, under the permissive statute of Gr. L. (Ter. Ed.) C. 231, s. 7, Sixth clause, as amended by St. 1939, c. 67, s. 1. The declaration, however, is for a single count in contract. See Garcelon v. Commercial Travelers’ Eastern Accident Association, 184 Mass. 8, 11. And since there is no count in tort in the declaration, the *296 words ‘ ‘ and tort ’ ’ in the writ are mere surplusage. Ames v. Stevens, 120 Mass. 218.
The sole question presented by the report is whether or not a common carrier, subject to the Interstate Commerce Commission thereunder is liable to a consignee for the delivery of flower plants in a frozen condition, which plants were apparently in good condition when received by the carrier ; and the shipment being less than a carload lot, and no provision having been made by the shipper to have it sent in a heated car ?
The shipment being interstate, the rights and liabilities of the parties are dependent upon the Interstate Commerce Act, and amendments thereto, and the rules and regulations promulgated by the Interstate Commerce Commission, 49 U. S. C. A. 1; Cleveland and St. Louis Ry. v. Dittlebach, 239 U. S. 588.
The plaintiff contends that having shown, as the trial justice found, that the plants were in good condition when delivered to the defendant, and in a frozen condition when received, it has made out a prima facie case against the defendant
The plaintiff, in support of its contention, cites the case of Bonfiglio v. N. Y. N. H. and Hart. R. R., 292 Mass. 287, where the court said:
“If a shipper of goods shows that he delivered them to a carrier in good condition and they were delivered to the consignee in bad condition, he has made out a prima facie case of liability against the delivering carrier. Unless there is evidence to rebut it and relieve the carrier from liability, the shipper is entitled to recover.”
That case involved watermelons shipped in two “venilator” ears provided with a ventilator in each end and with open side doors covered with a wire screening, and delivered in a bruised or broken condition. In addition there was *297 some additional damage caused by cinders and cinder dust which entered the cars while in transit.
With reference to this type of cars, the Court in the same case, at page 293, said: “The initial carriers were under no compulsion to use the type of cars provided for the carriage‘of the plaintiff’s goods. The judge found that it was not necessary to use such cars for the transportation of watermelons. The carriers are not exempt from liability because of the fact that it was customary for railroads to ship watermelons in that kind of cars. That the carriers followed the practices of others does not necessarily mean' performance by them of the duty which they owed the plaintiff.”
But in the instant case, there is no evidence of any negligence by the defendant carrier. The plants were shipped at the end of the month of December, when freezing weather might be naturally expected.
There being no special contract for it, the defendant was not obliged to furnish heat. McGovern v. Ann Arbor Railroad, 165 Wis. 525. McGraw v. Baltimore & Ohio Railroad, 18 W. Va. 261. Cassone v. New York, New Haven & Hartford Railroad, 100 Conn. 262. Ross v. Maine Central Railroad, 112 Maine, 63. Schwartz & Co. v. Erie Railroad, 128 Ky. 22. Vail v. Pacific Railroad, 63 Mo. 230. Standard Pickle Co. v. Pere Marquette Railway, 222 Mich. 639. White v. Minneapolis & Rainy River Railway, 111 Minn. 167. Atlantic Fruit Co. v. Pennsylvania Railroad, 149 Md. 1. Leypoldt & Pennington Co. v. Davis, 112 Neb. 350.
And as it was said in Sweetland v. Boston & Albany R. R., 102 Mass. 276, at page 283: “If the owner of goods, which are liable to be injured by freezing, chooses to send them at a season of the year when they are exposed to such risks, he takes the risk himself.”
*298 We think the trial justice was right in ruling that this case was governed by W. H. Blodget Co. v. New York Central R. R., 261 Mass. 365, from which the trial justice quoted extensive portions of the opinion in his findings hereinabove set forth, and which, for the sake of brevity, it is not necessary to repeat.
Therefore we find there was no prejudicial error in the denial of the plaintiff’s requests for rulings and the report is to he dismissed.

 The trial court's ruling and findings on each of the defendant's requests for rulings are printed in italics following the request.