*Northern District*
No. 5863
**DAVID S. MILLER, Assignee**
v.
**M & M TRANSPORTATION CO.**
May 5, 1964

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Dudley, J.* in the District Court of Somerville. No. 89541.

*Connolly, J.* This action is one of contract or tort. Its declaration consists of two counts. In the first count, the plaintiff seeks to recover for damage to four cartons damaged in transit through the negligence and carelessness of the

defendant. The second count alleges that the defendant owes it $162.00 according to "the account hereto annexed marked A". The account annexed is as follows:

1. Jan. 2, 1962—merchandise damaged in transit—$162.00
2. Interest

The defendant's answer consisted of a general denial, and a denial of the assignment to the plaintiff, as well as a special demand for proof thereof.

*The evidence reported is as follows:*

"In December 1961, the Pettingell Supply Company, of Cambridge, Massachusetts, hereinafter called the "Consignee", purchased goods in New York from a consignor there. The goods, in 22 sealed cartons, were transported by the defendant, a common carrier, to the consignee which refused to accept four of the cartons because they were partially saturated with oil. The defendant thereupon returned said four cartons, unopened, to the shipper in New York.

The shipper, on getting the cartons back, on examination found that the goods were damaged to the extent of $29.70.

When the consignee rejected the shipment, the items had not been examined by it, and at that time it did not know the extent of the damage to the goods."

The court found for the defendant on Count 1, and for the plaintiff on Count 2, making the following findings:

"This action of contract or tort was heard by

me and after hearing witnesses and examining evidence, I make the following findings based thereon:

"In December 1961, the plaintiff's assignor purchased goods in New York from Peerless Tree Light Company. The goods were contained in 22 cartons which were turned over to the defendant for delivery to the plaintiff's assignor.

"The defendant is a public carrier. While in transit, 4 of the cartons were damaged by being partially saturated with oil. When the cartons were delivered to the plaintiff's assignor, they were not accepted but were left unopened, in the hands of the defendant who returned them to the shipper.

"The plaintiff's assignor had paid $162.00 to the shipper for the goods, and that should have been their value on delivery to the consignee. The merchandise in the cartons when delivered to the consignee and when rejected by the consignee had a value of $131.30 since the items of the value of $29.70 had been damaged. Items to the value of $131.30 in the cartons were undamaged. When rejected, the items had not been examined by the plaintiff's assignor and at the time of rejection, he did not know the extent of damage to the goods.

"The plaintiff has sued in two counts: Count 1 in tort and Count 2 for breach of contract.

"The defendant seasonably filed request for rulings which are dealt with as follows:

"I deny requests ##1, 3, 4, 5, 6, 7, 8, 10 as being inconsistent with the facts found.

"I allow requests ##2 and 9.

"I find for the defendant on Count 1.

"I find for the plaintiff on Count 2 and assess damages in the sum of $29.70, plus costs and interest."

On the evidence reported, the denial of the defendant's first request: "On the pleadings and the evidence, a finding for the plaintiff is unwarranted" was prejudicial error.

■ It is a rule of substantive law that a carrier is liable for the failure to transport safely goods entrusted to its care unless they are lost or damaged from a cause excepted from the rule by law or by a valid contract.

■ *If a shipper of goods shows that he has delivered them to the carrier in good condition* and they were delivered to the consignee in bad condition, he has made out a prima-facie case of liability against the delivery carrier. (emphasis supplied). *Bonfiglio v. NY, NH & H RR.,* 292 Mass. 287, 289.

■ In this case, there is no evidence as to the condition of the goods at the time they were received by the defendant carrier. Nor is there any evidence to support the finding that the goods were damaged in transit.

As a consequence, there can be no liability either in contract or tort on the part of the defendant.

*The finding for the plaintiff is vacated and a finding should be entered for the defendant.*

M. A. Miller, of Boston, for the Plaintiff.

Ralph Marks, of Boston, for the Defendant.