Hamlin, J.
This case is an action in tort in which the plaintiff CGM Corporation (hereinafter CGM) sought damages from the defendant Roadway Express, Inc., a common carrier, for negligence in the transportation and delivery of packaged furniture to a consignee in Ohio. Damages sought totalled $6,023.07 for damage to .the freight ($4,856.00) and the freight charges ($1,167.07). The defendant answered with a general denial and alleged that the damages were caused as a result of contributory negligence in that the plaintiff failed to properly package and secure the goods for safe delivery. By way of counterclaim, the defendant Roadway sued for delivery charges due CGM. CGM denied that services were properly rendered. At trial, the following facts were stipulated to by the parties.
1) That the plaintiff corporation did deliver sixty-one (61) cartons of furniture to the defendant corporation for delivery in Cincinnati, Ohio. The delivery *225 was refused by the consignee in Cincinnati and the plaintiff instructed the defendant to return the cartons back to Massachusetts.
2) That the plaintiff made seasonable claim of loss and the defendant denied said claim.
3) The defendant’s charges were: $528.50 from Massachusetts to Ohio, $110.07 for storage, and $528.50 from Ohio to Massachusetts for a total of $1,167.07 and that these charges have not been paid by the plaintiff.
The facts of the case indicate that on or about March 1, 1979 CGM issued a bill of lading to Roadway. Pursuant to the bill of lading, Roadway, a common carrier engaged in interstate commerce, picked up the sealed goods which were furniture frames and transported them to Ohio. When the goods were presented in Ohio, the consignee refused to accept delivery because the cartons were in a damaged condition. The goods were returned to Massachusetts by Roadway. A claim for loss and damage was timely filed and an inspection of some of the returned goods made at CGM’s place of business. An “ Inspection Report of Loss or Damage ” was rendered on April 2,1979. The Report, a copy of which is attached to the Report as (Exhibit B), was executed by representatives of CGM and Roadway (See Report, Page 3). The claim of CGM as filed May 9, 1979 was declined.
At trial, both CGM and Roadway presented evidence to the Court concerning the issues including the following relative to packaging and inspection of the cartons.
CGM is a company engaged in the manufacture of furniture frames. All of its deliveries are made by truck using several common carriers. All of CGM’s packaging of furniture to be shipped is in containers with Styrofoam covers and reinforced cardboard covers. This was the manner of packaging in this particular case. The packaging of the particular shipment involved in this case was as described above. Rodney Fitzgerald (hereinafter Fitzgerald), CGM’s Plant Manager, who had been in the business of furniture construction for eleven years, testified that he observed this manner of packaging for this shipment from a cubicle in the center of the plant. Elmer J. Miller (hereinafter Miller), President of CGM, testified that since the company started two years ago, none of their shipments had ever been damaged. The cartons of this shipment arrived in a damaged condition, were refused by the consignee and returned to Massachusetts by Roadway. Upon return to CGM, the packages were inspected. Fitzgerald, who was present when the packages were opened, testified that twenty-one (21) cartons were opened, and the furniture damaged. The opened cartons had been retaped and there was no styrofoam and cardboard packing. Fitzgerald personally inspected each of the sixty-one (61) cartons and found all of the furniture damaged. He took photos of the damaged packages which were introduced as exhibits at the trial. Copies of the photographs were attached to the report and marked Exhibit “A”. Miller testified after inspection it was determined that none of the furniture could be salvaged. The frames were reduced to firewood and given to company employees at no expense. Miller testified the furniture had a market value of $4,856.00. No books and records relating to the value of the shipped furniture, were produced as a result of Roadway’s subpoena or introduced in evidence.
Michael W. Carroll, (hereinafter Carroll), manager ofRoadway’s Avon office, and in the freight business for thirteen years, testified that Roadway picked up CGM’s cartons by truck and returned them to the Avon office, where they were transferred to a trailer for delivery to Pennsylvania. There they were reloaded for delivery to Cincinnati where they were unloaded and put on a city freight truck. None of these cartons were marked “Fragile’ ’ or ‘ ‘Handle with Care”. CGM had requested the driver to stack the cartons at the front of the truck.
Frederick J. Callahan, an inspector of damaged freight for twenty-five years, had been hired by Roadway to investigate CGM’s loss claim. He testified he viewed the return *226 shipment of sixty-one cartons and found twenty-one opened cartons containing merchandise that was damaged. He did not observe the inner styrofoam packing in any of the twenty-one opened cartons. He did not inspect the balance of the forty unopened cartons. He testified as to the salvage value of the shipment. This matter had been discussed with Fitzgerald and both executed an “Inspection Report of Loss or Damage” on April 2, 1979. (Exhibit B attached to the Report).
At the close of the trial, the plaintiff made the following Requests for Rulings of Law which were acted upon by the Court as follows:
1. Upon all the evidence a finding is warranted for the plaintiff, “Warranted But Not Required”.
2. Upon all the evidence a finding is not warranted for the defendant, “Denied”.
3. If the plaintiff delivered the goods to the carrier in good condition and they were delivered to the consignee in bad condition, the plaintiff has made out a prima facie case against the delivering carrier,
“Denied”.
4. A carrier is liable for the failure to transport safely goods entrusted to its care,
“Allowed as a Correct Statement of Law but not Applicable to Facts Found”.
5. Where payment under a contract is dependant upon some act to be performed by the payee that is a condition precedent to payment failure to perform the condition disentitled the payee to payment,
“Allowed as a Correct Statement of Law but not Applicable to Facts Found”.
The Court made the following Findings of Fact:
1.1 find that the plaintiff was negligent in the manner in which the merchandise it shipped was packaged.
2.1 find that any damage sustained by the plaintiff was the direct result of the negligent packaging by the plaintiffs servants or agents.
3. The Court finds for the defendant.
4. The Court further finds for the defendant (Plaintiff in Counter-Claim) on its Counter-Claim in the sum of.$1,167.07.
The following entry of judgment was made:
1. Judgment for defendant on the plaintiffs complaint and the defendant recovers costs.
2. Judgment for the defendant, Roadway Express, Inc., on its Counter-Claim vs. the plaintiff, CGM Corp., in the sum of $1,167.07 with interest thereon from February 29, 1980 as provided by law.
The plaintiff claimed to be aggrieved by the refusal of the trial justice to allow Rulings 1, 2, 3, and the allowance of the trial justice of Rulings 4 and 5 and findings for the defendant.
The matter was reported by the trial justice to the Appellate Division for determination.
In denying Request for Ruling of Law Number Three, the trial judge committed reversible error. Request Number Three was as follows:
3. If the plaintiff delivered the goods to the carrier in good condition and they were delivered to the consignee in bad condition, the plaintiff has made a prima facie case against the delivering carrier,
“Denied”.
It is well settled that ‘ ‘ (i)f a shipper of goods shows that he delivered them to a carrier in good condition and they were delivered to the consignee in bad condition, he has made a prima facie case of liability against the delivering carrier. Unless there is evidence to rebut and relieve the carrier from liability the shipper is entitled to recover”. Guiseppe *227 Bonfiglio v. The New York, New Haven and Hartford Railroad Company, 292 Mass. 287, 289 (and cases cited) (1935); Laboratory for Electronics, Inc. v. Downing Perkins, Inc., 348 Mass. 784, 785 (1965). “These rules of law are to be applied in passing upon the question of the liability of the defendant for the damaged condition of the goods when delivered”. Bonfiglio, supra at 291.
In addressing this request to the trial judge, CGM was seeking assurance that the ultimate decision in favor of Roadway was not due to the application of incorrect principles of law. See Gustafson v. Metropolitan Transit Authority, 333 Mass. 769, 770 (1951); DiGesse v. Columbia Pontiac Co., Inc., 369 Mass. 99, 101 (1975); Nolan, Massachusetts Practice (Vol. 6) 602-605. The request stated “ .. .a correct rule of law pertinent to the issues and applicable to the evidence...” and therefore “the party presenting the request had a right to the granting of the request because he had a right to know whether in deciding the case the trial judge act(ed) under correct rules of law”. Nolan, supra at page 605.
Based on the foregoing, the decision is reversed and remanded for a new trial. In view of the foregoing, this Court need not address itself to any other Rulings of Law by which the plaintiff claimed to be aggrieved.