AMERICAN GARMENT COMPANY, INC. *vs.* JAMES TAYLOR.

Suffolk.    November 4, 1940. — April 3, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Carrier*, Of goods.    *Personal Property*, Ownership.

A finding that a consignee of goods had a title thereto upon which he could maintain an action against a carrier for nondelivery was not required as a matter of law by evidence merely that, at some time not shown, he had delivered materials to the consignor to be made up into garments, and that at a later date the consignor had delivered to the defendant a case of finished garments.

The mere fact of a delivery of goods to a common carrier for transportation to a consignee named in a shipping receipt, while some evidence that title to the goods thereby passed to the named consignee, did not compel that conclusion.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated June 14, 1939.

A report by *Riley*, J., who found for the defendant, was ordered dismissed by the Appellate Division.

*L. G. Stone*, for the plaintiff.

*H. H. Fine*, for the defendant.

DONAHUE, J.    The plaintiff seeks to recover damages in an action of contract brought in the Municipal Court of the City of Boston for the failure of the defendant, a common carrier, to deliver to the plaintiff a case of merchandise, received by the defendant from the New England Manufacturing Company for transportation and delivery to the plaintiff at Boston.  The defendant's answer contained an allegation that the goods in question were returned to the consignor for the reason that they were unfit for ship-

ment. No question was raised as to the form of action. *Blanchard* v. *Page*, 8 Gray, 281, 289. *Henry J. Perkins Co.* v. *American Express Co.* 199 Mass. 561, 565. *Lakube* v. *Cohen*, 304 Mass. 156.

A judge of the Municipal Court found for the defendant, and reported to the Appellate Division rulings made by him and his refusal to grant certain requests for rulings made by the plaintiff. The Appellate Division ordered that the report be dismissed.

The report states: "There was evidence tending to show that sometime before September 28, 1938 . . . the plaintiff placed certain materials at the place of business of the consignor, the New England Manufacturing Company at Pawtucket, Rhode Island, to be made up into garments; that on September 28, 1938, the defendant received from the New England Manufacturing Company . . . a case of finished garments consigned to the plaintiff at Boston . . . for which the defendant issued his receipt" which recited the receipt by him from the manufacturing company of "1 Case #299 Collect . . . in good condition" consigned to the plaintiff; that the defendant took the case of goods to his Fall River terminal and on October 1, 1938, returned it to the consignor at Pawtucket; that the consignor then gave to the defendant a receipt signed by it which stated that the case was returned because it was "Broken" and "not fit to ship"; that two sides of the case, which weighed four or five hundred pounds, were broken, each break being "about two or three feet in size"; and "that the goods were protruding and were soiled."

The judge "made the following findings and rulings of law: I find as a fact that the parcel of goods was received by the defendant from the New England Manufacturing Company at Pawtucket, Rhode Island, on September 28, 1938, and that the parcel was in good order and well conditioned as to all circumstances which were open to inspection and visible; that thereafter, it appearing that the goods were not properly packed for shipping in that the contents were protruding from the container, the defendant returned the parcel to the New England Manufacturing Company,

the shipper, who accepted the return of the same and gave receipt therefor, and that the plaintiff has not sustained the burden of proving its title to the goods. I rule that the return of the parcel by the defendant to the shipper and the shipper's acceptance of the same put an end to the contract of carriage."

The report states that it contains all the evidence material to the questions reported. The judge found and stated certain facts. He also found that the plaintiff had not sustained the burden of proving its title to the goods in question. He was not obliged to accept as true any oral evidence which might tend to indicate the contrary. *Coleman v. New York, New Haven & Hartford Railroad*, 215 Mass. 45, 47. *Eddy v. Johnston*, 250 Mass. 299, 301. *Holton v. Denaro*, 278 Mass. 261, 262. The judge was not obliged to find that the plaintiff was the owner of the materials which — at some time not shown by the record — the plaintiff delivered to the manufacturing company, or that those particular materials were made into the garments which, on September 28, 1938, the manufacturing company prepared for shipment to the plaintiff. There was no evidence as to the terms of any agreement between the plaintiff and the manufacturing company respecting the title to the materials or to the finished garments, nor was there evidence of any prior course of dealings between the plaintiff and the manufacturing company from which an intent as to the title to the manufactured goods might be deduced.

The finding by the judge that the plaintiff had not sustained the burden of proving it had title to the finished garments delivered by the manufacturing company to the defendant carrier cannot be said to be unwarranted. He was not obliged on the evidence to find that the plaintiff was the owner of the garments, or that the transaction between the manufacturing company and the plaintiff constituted a sale.

It does not appear whether any arrangement there might have been between the plaintiff and the manufacturing company, as to the materials or the finished garments, was made in Rhode Island or in Massachusetts.

As the parties have not brought to our attention any pertinent decision of the State of Rhode Island it may be assumed, for the purposes of this case, that the common law of Rhode Island is the same as the common law of Massachusetts. *Hite* v. *Hite*, 301 Mass. 294, 298.

The fact that there has been a delivery of goods by a shipper to a common carrier for transportation to a consignee named in a bill of lading or shipping receipt, does not compel the conclusion that title to the goods thereby passed to the named consignee. Such a naming of a person as consignee is some evidence that the title is in him, but it is not conclusive. The burden of proving title to such goods is on the person claiming title to them. *Rosenbush* v. *Bernheimer*, 211 Mass. 146, 149. *Coleman* v. *New York, New Haven & Hartford Railroad*, 215 Mass. 45, 47. *Edelstone* v. *Schimmel*, 233 Mass. 45, 48. *St. John Brothers Co.* v. *Falkson*, 237 Mass. 399, 402.

The uniform sales act, which has been adopted both in Massachusetts and in Rhode Island, provides: "Where, in pursuance of a contract to sell, the seller delivers the goods to . . . a carrier . . . for the purpose of transmission to . . . the buyer, he is presumed to have unconditionally appropriated the goods to the contract . . . ." Rhode Island G. L. (1938) c. 460, § 3, Rule 4 (2). G. L. (Ter. Ed.) c. 106, § 21, Rule 4 (2). The statute in terms applies only where there is a contract of sale.

Since the judge was not obliged to find either that there was a contract of sale made by the plaintiff and the manufacturing company or that the plaintiff had sustained the burden of proving title to the goods in question — if for no other reason — there was no error in the judge's finding for the defendant.

In view of the finding of the judge that the plaintiff had not sustained the burden of proving title to the goods, he rightly denied the plaintiff's requests for rulings numbered 5, 7 and 8, which were to the effect that title passed to the plaintiff when the goods were delivered to the defendant carrier and that the plaintiff was entitled to maintain this action and to recover the value of the goods; and properly

denied, as immaterial, requests numbered 1, 2, 3, 4, 6, which in effect were that the defendant impliedly promised and was bound to convey and deliver the goods to the plaintiff, that his failure to do so made him liable to the plaintiff in damages, and that the defendant's return of the goods to the shipper did not prevent the plaintiff's recovery in this action.

*Order dismissing report affirmed.*